## JOE (A SLAVE) vs. THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Admissibility of confessions.*—Where the prisoner, a slave, being tied, and about to be whipped, in the presence of his master and other white men, was asked why he committed the offense with which he was charged, and was told that his punishment would be lighter if he confessed the truth; a repetition of the confession thus obtained is not competent evidence against him, when it is shown to have been made on the next day, in the presence of his master, in reply to a similar question by the officer who had arrested him, and who was conveying him to jail.

2. *Charge on sufficiency of evidence.*—A charge, instructing the jury "that they must find the prisoner not guilty, unless the evidence against him is such as to exclude to a moral certainty every supposition but that of his guilt," asserts a correct legal proposition, and should be given at the request of the prisoner.

FROM the Circuit Court of Butler.
Tried before the Hon. JNO. K. HENRY.

THE indictment in this case charged, that the prisoner, who was a slave, by night broke and entered into a dwelling-house, occupied by Mrs. Catherine Crawford, with intent

to commit a felony. The evidence against the prisoner was altogether circumstantial. The entrance into the house was effected by raising a plank in the floor. Mrs. Crawford testified, that she was awakened in the night by some one whom, although it was so dark she could not see, she discovered to be a negro by putting her hand on his head; and that she immediately got up,. and went to the house of a neighbor. It had been raining during the night; and tracks were discovered in the morning, in the yard, and in the public road, leading in the direction of the plantation on which the prisoner lived. The prisoner was the only grown negro man on the plantation, and his tracks were found, on comparison, to correspond with those found in the road. The State introduced one Pickett as a witness, who testified, that on Monday (the burglary having been committed on Saturday night) he, as constable, in company with the slave's master, went into the field where the negroes were at work, and arrested the prisoner; that he put his hand on the prisoner's shoulder, and told him he must go with him to jail; that the prisoner said, "he was sorry for it;" that he (witness) then called for a rope, and tied the prisoner; that the prisoner's master told him, "he was in a bad fix, and must go to jail;" that the prisoner replied-"he could not help it then;" that as they went along, witness and the prisoner's master riding side by side, and the prisoner walking a little in front of them, he asked the prisoner, "what he went into the house for;" that the prisoner replied, "to get or steal some clothes;" that his master then asked him, "if he supposed he would let him wear clothing which was stolen;" and that the prisoner replied, after hesitating, "that he thought he could wear them at night."

The prisoner objected to the admission of the confessions detailed by the witness Pickett, on the ground that they were not voluntary, and, for the purpose of showing that they were not made voluntarily, adduced the following evidence to the court; "One Robertson testified, that on the morning after the burglary was committed, the men in the

neighborhood collected at the house of Mr. Bush, the prisoner's master, to have an investigation as to what would be best to do with the prisoner; that Bush had him tied to a tree or post near by; that he (witness) went up to the prisoner, and asked him what he went into Mrs. Crawford's house for, and told him he had better tell the truth—that the punishment would be much lighter if he would confess, and that it would be better for him to tell all about it; that the prisoner replied, 'Master, I am not guilty, and if they punish me it will be wrong;' that the crowd soon afterwards took the prisoner, and carried him some distance from the house, and tied him down across a log; that the prisoner, while in this condition, was asked by one of the crowd, in the presence of his master and the others, what he went into Mrs. Crawford's house for, and was told, that the punishment would be lighter if he would confess the truth; that the prisoner then said, that he went in to get or steal some clothing; and that they then whipped him. Bush, the prisoner's master, testified, that his invariable rule with his slaves was, if any of the grown negroes committed any offense, or disobeyed his orders, to tie them up, and whip them until he made them confess the truth; that he had frequently treated the prisoner in this way; that he seldom whipped his slaves, and never on suspicion only, but, when he knew them to be wrong, he whipped them severely. It appeared, also, that the prisoner was turned loose after the whipping on Sunday." On this evidence, the court refused to exclude from the jury the confessions made to the witness Pickett; to which the prisoner excepted.

The prisoner asked the court to instruct the jury, "that they must find the prisoner not guilty, unless the evidence against him is such as to exclude to a moral certainty every supposition but that of his guilt." The court refused this charge, and the defendant excepted to its refusal.

M. C. LANE, for the prisoner.
M. A. BALDWIN, Attorney-General, for the State.

STONE, J.—[1.] The confessions given in evidence in this case against the prisoner's objections, were clearly inadmissible under the rule laid down by this court.—See *Bob v. The State*, 32 Ala. 266, and authorities cited.

[2.] The charge asked should also have been given.—, See *Mose v. The State*, 36 Ala. 211, and the criticism of the language of the charge, pp. 230–1.

The other questions argued are not raised by the record, and we need not consider them.

Reversed and remanded, and the prisoner will remain in custody until discharged by due course of law.