# Cohen *v.* The State.

### Indictment for Receiving Stolen Goods.

1. *Proof of value of stolen property.* — On a trial under an indictment for receiving stolen property, the owner of the property may state what its value was to him, since that is a fact tending, however slightly, to show its real value.

2. *General exception to charge of court.* — A general exception to an entire charge, given by the court *ex mero motu*, and consisting of several distinct propositions, some of which are correct, is too indefinite : the objectionable parts must be specifically pointed out.

3. *Charge as to reasonable doubt.* — A charge to the jury, in a criminal case, asserting that, " before the defendant can be convicted, the evidence must be such as will exclude every doubt to that certainty which controls and decides the conduct of men in the highest and most important affairs, and to that moral certainty which excludes every supposition but that of his guilt, and every reasonable doubt," is calculated to confuse and mislead the jury, and is properly refused.

4. *Same.* — A charge asked in a criminal case, in these words : "A reasonable doubt has been defined to be a doubt for which a reason could be given : a probability of the defendant's innocence is a just foundation for a reasonable doubt of his guilt, and therefore for his acquittal," asserts a correct legal proposition, and its refusal is error.[1]

5. *Charge as to credibility of witness impeached or contradicted.* — A charge asked in a criminal case, in these words : " The testimony of a witness for the prosecution, who is shown to be unworthy of credit, is not sufficient to justify a conviction, without corroborating evidence ; and such corroborating evidence, to avail anything, must be a fact tending to show the guilt of the defendant," asserts a correct legal proposition, and its refusal is error.[1]

---

[1] But see the case of *William Ray* v. *The State*, p. 104, in which this identical charge was held to have been properly refused. — REP.

[Cohen v. State.]

6. *Punishment of larceny, or receiving stolen goods.* — Under a conviction for larceny, or receiving stolen goods, if the value of the goods is assessed by the jury at one hundred dollars, the punishment must be by imprisonment in the county jail or hard labor for the county, and cannot exceed twelve months (Rev. Code, §§ 3708, 3710); if it exceeds one hundred dollars, the offence is a felony, and punishable by imprisonment in the penitentiary.

FROM the Criminal Court of Dallas.

Tried before the Hon. GEORGE H. CRAIG.

The indictment in this case charged, that the defendant " did buy, receive, conceal, or aid in concealing one iron chain, of the value of more than one hundred dollars, the personal property of Patrick Callahan, knowing that the same had been stolen, and not having the intent to return it to its owner.' The defendant pleaded not guilty, and issue was joined on that plea. On the trial, as the bill of exceptions states, one R. J. Fowler, a witness for the prosecution, testified, that the chain was stolen from his possession about the last of June, or first of July, 1873, and was found by him, a few days afterwards, in the defendant's junk-shop in Selma; that the defendant claimed the chain as his own, and said that he had owned it for the last six months; that one Peter Davis, a drayman, who had accompanied this witness to the shop, " thereupon told defendant that he, said Davis, had hauled said chain from the wharf in Selma to his junk-shop, only four or five days before; " and that the defendant made no reply. The chain was proved to be the property of said Patrick Callahan, and was used by him in running the ferry at Selma. It was described by the witness as a very large and heavy chain, weighing over three hundred pounds, and unlike any other chain in that locality. Said Callahan testified, " that he did not know the value of said chain, nor what others would give for it, but it was worth more than one hundred dollars to him; " and he further said, on cross-examination, that it was worth three or four cents per pound as old iron. The defendant objected to the statement of this witness, that the chain " was worth more than one hundred dollars to him," and reserved an exception to the ruling of the court in admitting it as evidence. Said Peter Davis, the drayman, testified, that he had hauled the chain to the defendant's junk-shop, and that the defendant paid him thirty cents as his charge for drayage; and he denied that, on his examination at the defendant's preliminary trial, he had said that the defendant did not pay him; but, on this point, he was contradicted by the witness Fowler. Said Callahan testified, also, " that the defendant, after the chain had been found at his shop, approached him, and offered to give him any amount he might demand, if he would not prosecute him about the chain." The defendant's evidence tended to show that the chain had been in his possession a long time,

and that he was not in his shop at the time spoken of by the witness Davis, and had not been there for some time previous.

The bill of exceptions purports to set out " all the evidence substantially introduced on the trial," the above being the material facts. " The court thereupon gave a general charge, *ex mero motu*, in substance as follows : ' Before the defendant can be found guilty under this indictment, the evidence must satisfy the jury, beyond a reasonable doubt, that the chain mentioned in the indictment was the property of the person alleged in the indictment to be the owner ; and that it was feloniously taken and carried away by some person, with the intention of converting it to his own use, without the consent of the owner, and in Dallas county; and that the defendant afterwards, before the finding of this indictment, in said county, bought, received, concealed, or aided in concealing said chain, knowing that it had been stolen, and not having the intent to restore it to the owner ; and that the said property must be shown by the evidence to be of the value of more than one hundred dollars.' " The court charged the jury, also, on the request in writing of the prosecuting attorney, as follows : 1. " If the jury are satisfied, beyond a reasonable doubt, that the property mentioned in the indictment was stolen, and that it was found in the defendant's possession soon afterwards, and he was claiming to own it, it is incumbent upon him to show an innocent connection with it." 2. " The facts necessary to make out the State's case may be proved by circumstantial evidence; and if the jury believe, from the evidence, that the defendant kept a junk-shop, and, when the property alleged to have been stolen was found in his shop, declared that he had owned it six months, when in fact it was stolen and carried there only a few days before that time ; and if the evidence further proves to the jury that the defendant paid the drayage for hauling the chain, and that he has, since that time, attempted to bribe or suppress the prosecution, — then the jury may look at all these facts to determine his guilt." 3. " When property has been recently stolen, and is found in the possession of a third person, the presumption of law is, that he stole it, and it is incumbent on him to explain his possession." 4. " If the jury find the defendant guilty as charged in the indictment, they will say so by their verdict ; but, if they find the defendant guilty, and that the property is of less value than one hundred dollars, then they will assess a fine against the defendant of less than five hundred dollars, or not exceeding five hundred dollars." 5. " The defendant may be guilty, although he was not actually present when the property was received, provided the proof establishes his guilt beyond a reasonable doubt."

" These several charges," the bill of exceptions states, " the court gave as requested ; to which ruling, as well as to the charge given by the court *ex mero motu*, the defendant excepted, and then requested the court to give the following written charges : 1. ' The burden of proof is on the State, to prove every substantial fact of a criminal charge beyond all reasonable doubt.' 2. ' That it devolves on the State to prove the facts constituting the defendant's guilt, beyond all reasonable doubt.' 3. ' That before the defendant can be convicted, the evidence must be such as will exclude every doubt to that certainty which controls and decides the conduct of men in the highest and most important affairs, and to that moral certainty which excludes every supposition but that of his guilt, and every reasonable doubt.' 4. ' A reasonable doubt has been defined to be a doubt for which a reason could be given : a probability of the defendant's innocence is a just foundation for a reasonable doubt of his guilt, and therefore for his acquittal.' 5. ' The testimony of a witness for the prosecution, who is shown to be unworthy of credit, is not sufficient to justify a conviction, without corroborating evidence ; and such corroborating evidence, to avail anything, must be a fact tending to show the guilt of the defendant.' 6. ' Before the defendant can be convicted as charged, it is indispensable that the existence of an intent to commit the offence should be proved by the State, beyond all reasonable doubt ; and that if, after the entire consideration and comparison of all the evidence, it leaves the minds of the jury in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the commission of the crime imputed to the defendant, they must find him not guilty.' 7. ' That, if the only evidence as to the value of the chain is that of the witness Callahan, in substance as follows : " That the chain was worth over one hundred dollars to him, and that he does not know its market value, or what its value was to any one else, but that it was of some value," — said evidence does not establish, beyond a reasonable doubt, that the said chain was of the value of more than one hundred dollars.' " The court gave the first and second of these charges, as asked, but refused the others ; and the defendant excepted to their refusal.

The verdict of the jury was in these words : " We, the jury, find the defendant guilty, and assess the fine at one hundred dollars ; " and the court thereupon rendered judgment against him, in favor of the State, for the use of the county, for the amount of the fine, and sentenced him to eight months' hard labor for the county.

The several rulings to which exceptions were reserved, and the judgment and sentence on the verdict, are now assigned as error.

[Cohen v. State.]

REID & MAY, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The evidence of the witness Callahan, that the chain was worth more than one hundred dollars to him, though it may not have been conclusive evidence of the value of the chain, and may not have been deemed by the jury sufficient evidence of its value, was a fact proper to go to the jury, to be considered in determining the question of value. In its admission, therefore, the court below did not err.

[2.] The exception to the charge given by the court of its own motion, is too general and indefinite to authorize us to look into each part and sentence thereof, and inquire if error may not be found in some of them.

The charges given at the instance of the solicitor, are free from error.

[3.] The third charge requested by the defendant was properly refused. It was calculated to confuse and mislead the jury. The court should, and doubtless would have charged the jury, that the defendant ought not to be convicted, unless the evidence excluded to a moral certainty every supposition, or hypothesis, but that of his guilt. *Mose* v. *The State*, 36 Ala. 211; *Joe* v. *The State*, 38 Ala. 422. Such a charge is clear and direct. It becomes involved, and calculated to mislead, when there is incorporated into it, " that the evidence must be such as will exclude every doubt, to that certainty which controls and decides the conduct of men in the highest and most important affairs."

[4–5.] The fourth, fifth, and sixth charges asked should have been given, and their refusal was error, for which the judgment must be reversed.

The seventh charge asked was properly refused.

[6.] The verdict of the jury imposed a fine of one hundred dollars, and the court rendered judgment thereon for the fine, and sentenced the defendant to eight months' hard labor for the county. In this there was no error. If the property stolen had exceeded one hundred dollars in value, then the defendant would have been punishable by imprisonment in the penitentiary. If it did not exceed, but only equalled that sum, he was liable to the punishment imposed by the judgment and sentence.

The judgment is reversed, and the cause remanded. The defendant will remain in custody until discharged by due course of law.