# McGehee *v.* The State.

### *Indictment for Murder.*

1. *Immaterial averment; what need not be proved.* — An allegation in the indictment that the defendant is " a freedman," is mere surplusage, and should be disregarded. That fact, under our laws, is neither descriptive of the fact or degree of the crime nor material to the exercise of jurisdiction.

2. *Bill of exceptions; construction of.* — Where the bill of exceptions states that " the defendant requested the following charges in writing, which the court refused, and to the refusal of the court to charge as requested the defendant duly excepted," the ruling of the court below will be upheld, if any one of the charges requested is erroneous.

APPEAL from Russell Circuit Court.
Tried before Hon. J. E. COBB.
The opinion states the case.

LYMAN MARTIN, for appellant.

JOHN W. A. Sanford, Attorney General, *contra.*

BRICKELL, C. J. — The indictment charges that " Andrew McGehee, a freedman, unlawfully and with malice aforethought, killed Berry McMakin." On the trial the State offered no evidence in support of the averment that the accused was a freedman, and he requested several charges, affirming in effect that if the State had failed to prove the averment, he was entitled to a verdict of acquittal. These charges were refused and an exception reserved.

We can perceive no reason for the averment. It is wholly unnecessary, and has no legal effect. If such is the status of the accused, his offence is not thereby aggravated or mitigated,

[McGehee v. State.]

and in legal contemplation he is not distinguishable from a freeman. The averment is therefore wholly immaterial, and should be disregarded. Bish. Crim. Pro. § 229–35. Surplusage in an indictment, or in a civil action, sometimes increases the proof the pleader is bound to make, and though the averment is wholly unnecessary, if the proof is variant from it, the variance is fatal. In an indictment this occurs whenever the averment is descriptive of the fact or degree of the crime, or is material to the jurisdiction. 1 Greenl. Ev. 365 ; 1 Whar. Am. Cr. Law, § 630. The illustration of this rule, or more properly speaking of this exception to the general rule, that an immaterial averment may be rejected as surplusage, most often found in the text-books, is the averment of the color of a horse stolen. The color is immaterial and yet as it is descriptive of the thing stolen, the subject matter of the offence, it cannot be rejected as surplusage. Thereby the identity of the thing stolen is fixed. The case of *Felix* v. *State* (18 Ala. 720), is also an illustration of the description. The indictment was for murder, and the party slain was averred to have been a *free negro*, while the proof showed him to have been a *mulatto*. The variance was deemed fatal. The description was of the slain, and the personal identity could be fixed only by proof corresponding to the averment. The averment that the accused was a freedman, is not descriptive of any element of the offence imputed to him. It is not at all essential to the jurisdiction of the court, and should be regarded of no more importance or force than the addition of yeoman, farmer, gentleman, or other designation, employed in a common law indictment. When these were employed at common law, the plea of not guilty was an admission of the description, as it was, that the name imputed to the defendant was his true name. The court did not therefore err in refusing the charges affirming that it was material to make proof of this averment.

The bill of exceptions recites all the evidence offered, and proceeds : " The defendant requested the court to give the following charges in writing, which the court refused, and to the refusal of the court to charge as requested, the defendant excepted." Then followed charges numbered from one to four inclusive, on three of which we have already passed. The remaining charge is numbered *first*, and is in these words : " Unless the evidence against the defendant is such as to exclude to a moral certainty every supposition or hypothesis but that of his guilt, the jury should find the defendant not guilty."

A bill of exceptions is construed most strongly against the party excepting, and if it will admit of two constructions, one of which will reverse, and the other support the judgment, the latter construction will be adopted. 1 Brick. Dig. 251, § 126–

[McGehee v. State.]

23. A reasonable construction of the bill of exceptions is, that the charges requested were requested not separately, but as a whole. Adopting this construction, if any one of the charges is erroneous, there was no error in refusing the whole. A party, to place the court in error, must request charges, as he is entitled to have them given, and is not permitted to devolve on the court the duty of altering, reforming or modifying them. 1 Bric. Dig. 339, § 63. If several charges are combined and requested, each must be correct, or the whole may be refused. The court is not bound to separate them, and distinguish the legal from the illegal. Three of the charges we have decided asserted an incorrect legal proposition. It follows, if the charge quoted asserted a correct legal proposition, and was not abstract, the court did not err in refusing it, when asked in combination with these.

A bill of exceptions must distinctly point out the error of which complaint is made. The exception here is general to the refusal of all the charges, and not to a refusal of the charges as separate propositions. The manner of reserving the exception sustains the construction we have placed on the bill. Independent of this consideration, the exception reserved being general to the refusal of all the charges, cannot be entertained, if any one of the charges was erroneous. In such case, the exception does not with reasonable certainty point out the error of the court.

The charge requested is identical with a charge which this court, in *Mose* v. *State* (36 Ala. 211), and in *Joe* v. *State* (38 Ala. 422), declared asserted a correct legal proposition. In the light of the analysis and explanation of it, in *Mose* v. *State*, its correctness cannot be questioned. The supposition or hypothesis inconsistent with the defendant's guilt, which the evidence must exclude, is not a mere possible hypothesis, the creature of speculation, or of the imagination, but a reasonable hypothesis, arising out of the evidence. In every criminal case, it is not enough that the tendency or preponderance of the evidence shows the guilt of the accused ; it must go further, and exclude the reasonable supposition of his innocence. 3 Greenl. Ev. § 29. This is the proposition embodied in the charge, according to the case of *Mose* v. *State*. The charge would have less tendency to mislead the jury, if it asserted that the evidence must exclude every reasonable hypothesis of innocence. When requested in this form, as a separate charge, it was given by the court. In this form, its meaning and effect is not variant from that in the form in which it was refused. We do not affirm that if the charge had been refused as a separate proposition, and an exception distinctly reserved to its refusal, the error of its refusal would have been cured by the charge

[Summerhill v. Tapp.]

subsequently given. Under the statute (R. C. § 2756), and the construction it has received, we would be precluded from declaring the error cured. *Polly* v. *McCall*, 37 Ala. 20; *Carson* v. *State*, January term, 1874. As, however, the appellant has had the full benefit of the charge, we are less reluctant to adopt the construction we have given the bill of exceptions.

There is no error in the record, and the judgment must be affirmed.