# Todd v. The State.

### Indictment for Carnal Abuse of Female Child.

1. *Peremptory challenges in capital cases; reviving or extending laws, under constitutional provisions.*—Under the provisions of the Code of 1886 (§ 4330), a defendant on trial for a capital offense is entitled to twenty-one peremptory challenges; and this provision is of force in all such cases, since that Code became operative, although only twelve challenges were allowed by the act approved February 17th, 1885, and the subsequent act of February 28th, 1887, which contained no express provision for such challenges, declared that "all laws now in force in relation to jurors, their drawing, selection or qualification, not in conflict with this act, are hereby continued in full force and effect." Under constitutional provisions (Art. IV, § 2), the addition of these words in the later statute did not have the effect of re-enacting the former provision as of the later date, and thereby superseding the provisions of the Code, as an act passed at the same session of the General Assembly at which the Code was adopted.

FROM the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The indictment in this case was returned into court on the 11th October, 1887, and charged that the defendant, Jesse Todd, "did carnally know, or abuse in the attempt to carnally

know," a female child under the age of ten years. On the trial, as the bill of exceptions shows, the court refused to allow the defendant more than twelve peremptory challenges; to which ruling he duly excepted, and also made a motion in arrest of judgment.

W. J. CAHALAN, and W. E. MARTIN, for the appellant.

THOS. N. MCCLELLAN, Attorney-General, for the State.

STONE, C. J.—The trial and conviction in the present case were had in May, 1888, after the Code of 1886 became operative. Under that Code, § 4330, "the defendant is entitled to twenty-one peremptory challenges [of jurors], when on trial for a capital offense." The present defendant was on trial for a capital offense, and the Criminal Court, against his objection, restricted him to twelve peremptory challenges. This is the only question presented by the present record.

The argument in favor of the ruling of the trial court is as follows: Under the statute, known as the "Jury law," approved February 17, 1885—Sess. Acts, pp. 181, 186—it is declared in section 10, that, "in addition to the challenges for cause allowed by law [in capital cases], the defendant shall have the right to peremptorily challenge twelve such jurors." The act on the same subject, approved February 28, 1887—Sess. Acts 151, p. 158—contains no express provision for challenges in capital cases. Section 17 of this later enactment repeals all laws in conflict with it, and then adds, that "all laws now in force in relation to jurors, their drawing, selection or qualification, not in conflict with this act, are hereby continued in full force and effect." The contention is, that this is a re-enactment of the provisions of the act of 1885, relating to challenges of jurors in capital cases; and inasmuch as the act adopting the Code of 1886—Session Acts, p. 47—provides that "no act passed at the present session (1886-7) of the General Assembly shall be repealed, or affected in any manner, by the adoption of this Code," this left the provisions of the act of 1885 in full force as to the challenge of jurors in capital cases, because those provisions were re-enacted at the session of 1886-7. In other words, that the language we have quoted from the act approved February 28, 1887, was a re-enactment of that date, of the provisions of the act of 1885, relating to chal-

lenges of jurors in capital cases, and hence was not affected by the Code of 1886.

The Constitution of 1875, Art. IV, sec. 2, ordains that "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length." The act of 1887 did not *confer* the provisions of the older statute relating to the challenge of jurors in capital cases, because it did not re-enact and *publish* those provisions at length. Less than this is not a re-enactment under our constitution. *Stewart v. Court of County Commissioners*, 82 Ala. 209; *Rogers v. Torbut*, 58 Ala. 523.

The clause of the act of 1887, on which we have commented, accomplished nothing which would not have resulted without it. Section 4330 of the Code of 1886 is applicable to this case, and the defendant was entitled to twenty-one peremptory challenges.

Reversed and remanded.