# Clarke *v.* The State.

*Indictment for Murder.*

1. *Special venire in capital case.*—In drawing a special *venire* for the trial of a capital case, under the provisions of the general jury law approved February 28th, 1887 (Sess. Acts 1886-7, pp. 151-8, § 10; Code, p. 134, note), the court has a discretionary power as to the number to be drawn, within the limits specified, and can not be required, on demand of the defendant, to draw fifty, the maximum number specified, which was the minimum under the former law (Code, § 4320).

2. *Peremptory challenges; when and how demanded.*—An exception reserved during the drawing of the special *venire*, in these words, "The defendant then made a motion that, as matter of law he was entitled to twenty challenges, which motion the court overrule , and the defendant excepted," does not show a reversible error (Code, § 4330), when it does not appear that he in fact challenged or offered to challenge any juror who was drawn.

3. *Testimony of defendant in his own behalf.*—In a criminal case, if the defendant fails or declines to testify in his own behalf, this does not create any presumption against him, and is not the subject of comment by counsel (Code, § 4473); but, if he elects to testify, and fails or refuses to explain or rebut any criminating fact, when he can reasonably do so, this is a circumstance in the nature of an implied admission, on which counsel may properly comment.

FROM the Criminal Court of Jefferson.

Tried before the Hon S. E. GREENE.

The defendant in this case, Ralph Clarke, was indicted for the murder of James Leatherwood, by shooting him with a gun or pistol; was convicted of murder in the first degree, and sentenced to the penitentiary for life. The material facts attending the killing are stated in the former report of the case (78 Ala. 474-81), and a statement of them here is unnecessary. "On Monday, June 4th," as the bill of exception recites, a special *venire* was drawn, the defendant demanding that said *venire* should be composed of fifty jurors, but the court permitted only thirty to be drawn; to

[Clarke v. The State.]

which the defendant excepted. On June 7th, the case came to trial, and, both sides announcing themselves ready, the court proceeded to impannel a jury. Several jurors were called, five in all, who were returned not found; to which the defendant excepted, and exception overruled. The defendant then made a motion to the following effect, that he was entitled, as matter of law, to twenty challenges; which motion the court overruled, and the defendant excepted. The jury being impannelled, the State produced the following witnesses," &c. "The defendant testified, that he knew John Allen, but never had any row with him before Leatherwood's death; that after Leatherwood's death, acting as constable, he served process on Allen, and had some words with him, but thought nothing further about it afterwards; that he heard of Leatherwood's death, but did not know him, and had never seen him; denied the killing of Leatherwood, and said that about that time he was a constable in Allen's court in Birmingham." In his argument to the jury, the assistant solicitor "commented at length on defendant's taking the stand as a witness, thus having an opportunity of explaining his whereabouts on the night of Leatherwood's death, and his failure to do so. The defendant's counsel here objected to this manner of presenting the case, and contended that while the accused was a witness, he was also the defendant, and any failure on his part to testify could not be adverted to by the State as a condemning circumstance; which objection was overruled, and exception noted. The solicitor continued on this line of argument at length, and with great force."

W. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—When the names of persons to be summoned as special jurors for the trial were being drawn, defendant demanded that fifty names should be drawn, but the court permitted only thirty. The jury law, which was in force in Jefferson county at that time, provides, that when any capital case stands for trial, the court shall cause the jury-box to be brought into the court-room, and the presiding judge shall draw therefrom not less than twenty-five, nor more than fifty names, to constitute a part of the *venire*, from which the jury to try the case shall be selected.—Acts 1886-7, p. 151. The statute gives the accused a right to have the *minimum* number drawn, but not the *maximum*, at

[Clarke v. The State.]

his election, or on his demand. How many names between the prescribed numbers shall be drawn is intrusted to the discretion of the court, having reference to the circumstances, and the exercise of the discretion is not revisable.

A motion relating to the number of challenges without cause to which the accused is of right entitled, preliminary to the drawing of the names on the *venire* for the purpose of selecting a jury, is not the proper mode to raise the question. Such declaration, at such time, would not be the adjudication of a practical question, which arose during the trial, but the expression of the then opinion of the presiding judge, notwithstanding which the court may have accorded defendant his full right in respect to challenges, when and so far as he sought to exercise it during the selection of the jury. In such case, he would have no cause to complain. The record does not show that the court decided, at any stage of the trial, the number of peremptory challenges to which defendant was entitled, or that he was denied the right to exercise any challenge allowed by law. Moreover, the number specified in the motion is not strictly correct, under the statutes in force at the time of the trial, and we can not indulge a presumption, in order to put the court in error, that defendant was refused his legal right of challenge to its full extent.—*Todd v. State,* 85 Ala. 339.

Defendant, at his request, became a witness, and testified in his own behalf. The bill of exceptions recites that, during the argument, the prosecuting attorney commented at length on defendant having taken the stand as a witness, thus having an opportunity to explain where he was on the night of the killing, and his failure to do so. To this course of argument, counsel for defendant objected. Section 4473 of Code of 1886 provides: "On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel." The statutory protection against unfavorable presumptions or comments extends only to an entire failure or omission to testify. The accused can not be made a witness, except at his option; but, when he exercises the option to be a witness, he waives his constitutional right to protection against compulsory self-crimination, as to any fact or matter pertinent to the issue, or connected with the transaction; subjects himself to the test of cross-examination, within

[Clarke v. The State.]

proper limitations; assumes the obligation to tell the whole truth, and can not elect to disclose only such facts as may suit his interest, or be to his advantage, nor decline to disclose inculpatory facts. We so declared the rule, and the limitation upon the privilege of cross-examination, when this case was previously before the court. When the defendant became a witness at his own request, and testified, thus placing himself in the category of a witness, we see no sufficient reason why the same presumptions, indulged in the case of other witnesses, should not arise against him, from his failure or omission to deny, explain or rebut any circumstances and testimony tending to show his connection with the offense, when the facts are within his knowledge, and the denial, explanation or rebuttal is in his power. Common experience teaches that, when a person, charged with the commission of a crime, undertakes to exculpate himself, he uses the opportunity, if innocent, to contradict or explain the criminating facts and accusatory evidence, if in his power. The unfavorable presumption, created by his failure, rests on this common experience. The manner of the accused while testifying, and his testimony, may be subject of comment by counsel, the same as the manner and testimony of other witnesses. The evidence was circumstantial. Witnesses had testified to having seen defendant on the night of the killing, in the vicinity of the place where it occurred. It was in his power to contradict or explain, for he certainly knew where he was on that night. His failure to do so, under such circumstances, was properly the subject of comment. The record does not set forth the remarks of counsel, nor show their character; and in the absence of an affirmative showing to the contrary, we must presume they were legitimate.—*Slover v. People*, 56 N. Y. 315; *Huber v. State*, 57 Ind. 341; Whart. Crim. Ev. § 435*a*.

The exceptions, going to the rulings of the court on the admissibility of evidence, were decided adversely to appellant on the former appeal—*Clarke v. State*, 78 Ala. 474; 56 Amer. Rep. 45.

Affirmed.