# Hodge *v.* The State.

*Indictment for Murder.*

1. *Relevancy of collateral facts.*—Testimony showing that calico scraps or rags, blackened as if with powder, and some tissue paper were found near the place where the deceased was killed by gunshot wounds, is admissible against the defendant on trial for the killing, when it is further shown that one barrel of a gun admitted by the defendant to be his, and found as if concealed in his house, was empty, and the other contained rags and paper similar to those found near the scene of the homicide.

2. *Voluntary confession* —An admission by defendant while in jail, to officers of the law, that a certain gun then shown was his property, is admissible when it appears that no threats or inducements were used to obtain such confession.

3. *Opinions as to foot-prints not admissible.*—A witness can not be allowed to state that a particular shoe would make a particular track, nor that, in his judgment, a particular foot-print was defendant's track.

4. *Evidence of motive.*—Evidence that there was an indictment against defendant and that deceased was a witness for the State in the case, when offered in connection with threats made by defendant to take the life of deceased because she was a witness against him, is admissible as tending to show a motive for the commission of the crime.

5. *Argument of counsel.*—Statement by counsel for the State to the jury that the failure of the defendant, when testifying as a witness, to

97    37
105   128,
97    37
113   48
97    37
117   55
118   84
118   655
97    37
120   309
120   338
97    37
124   22
124   46
97    37
128   37

[Hodge v. The State.]

deny that he fired the fatal shot, was an admission of guilt, when taken in connection with the instruction of the court that such failure was not an admission, but only a circumstance to be weighed by the jury, is not error of which the defendant can complain.

6. *Reasonable doub.*—A reasonable doubt is a doubt for which a reason can be given.

APPEAL from Escambia Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The evidence tending to prove the guilt of the defendant was entirely circumstantial, and is sufficiently set forth in the opinion of the court. The only charge asked by the defendant and refused by the court was: 2. The court further charges the jury that a reasonable doubt is defined to be be a doubt for which a reason can be given.

J. W. POSEY, for appellant, insisted that the testimony of the witness as to foot-prints were mere opinions, citing 3 Brick. Dig. p. 288, §§ 607–608; 52 Ala. 303; *Ib.* 370; 59 Ala. 92; 5 Ala. 531; 5 Port. 338. That the confession about the gun was involuntary.—58 Ala. 385; 69 Ala. 255; 68 Ala. 569.

WM. L. MARTIN, Attorney-General, *contra,* cited 3 Brick. Dig. p. 283, § 504; *Com. v. Webster,* 52 Am. Dec. 727; *Campbell v. State,* 23 Ala. 44; *Potter v. State,* 92 Ala. 37, and on the question of motive, *Marler v. State,* 67 Ala. 55; s. c., 68 Ala. 580; *Duncan v. State,* 88 Ala. 31.

The charge on reasonable doubt was properly refused. 1 Bishop Cr. Pro. § 1094; 52 Am. Dec. 711; Wharton Cr. Ev. (9 Ed.) § 1; 3 Greenleaf, § 29; *Mose v. State,* 36 Ala. 211; *Coleman v. State,* 59 Ala. 52; *Farish v. State,* 63 Ala. 164; *McKleroy v. State,* 77 Ala. 95; *Humbree v. State,* 81 Ala. 67; 83 Ala. 58; 87 Ala. 30; 88 Ala. 8; 89 Ala. 99; *Ib.* 100; *Ib.* 108; 103 U. S. 304, and numerous other authorities.

HARALSON, J.—I. Rose Stanback was shot and killed in Brewton, by some unknown person, about eight or nine o'clock on a Sunday evening, in February, 1892. Some buckshot were found to have entered a plank in a house near where she was found, and about twenty-five steps away were afterwards discovered tracks of a person who wore shoes, and between the tracks and house were found "some colored calico scraps or rags, blackened as if shot with powder, two in number, one having several holes through it, and some soft thin paper." These were produced and offered in evidence.

[Hodge v. The State.]

The defendant objected to the evidence, but the court admitted it, and he excepted.

By itself, and disconnected with something else, to make it relevant, this evidence did not tend to show that defendant, any more than any other person, did the shooting. We infer, however, that it was offered and admitted, with the expectation of its being made relevant by other evidence to be offered, in the further progress of the trial, since we find such evidence was offered, as follows:

The evidence shows, that the sheriff and others, several days after the defendant had been arrested and confined in jail, went to the house of defendant, and looking through, found a double-barrel shotgun, put in a place as if to conceal it, with one barrel empty, and the other loaded; that they drew the load, and found it contained buck-shot and some dark calico rags and tissue paper wadding, similar in appearance to the rags and paper picked up near the place of the killing, which had been admitted in evidence, and these, also, were offered and introduced in evidence, against defendant's objection and exception.

This evidence was clearly competent, and rendered that about the other rags and paper before introduced, also relevant, as tending to connect the defendant with the shooting. *Mattison v. State*, 55 Ala. 224; *Scroggins v. State*, at present term; *Commonwealth v. Webster*, 52 Am. Dec. 727.

And each of these criminative circumstances becomes more pertinent, when it was afterwards shown that the marshal of the town, sheriff and the clerk of the court, each known to the defendant, went together to the jail, taking with them the gun which had been found in defendant's house, and asked him if it was his gun, and he said it was.

The witnesses by whom this admission was shown testified that they made no threats nor offered any inducements to defendant to procure said confession, and that it was voluntary. The defendant's counsel objected to this evidence, on the ground that it was not a voluntary confession, but it was admitted, and he excepted. There was no error in its admission.—3 Brick. Digest, p. 285, §§ 552–3.

II. Any traces or marks at or near the scene of the crime, about the time of its commission, indicative of the presence or proximity of the accused, are always admissible as facts tending to connect the defendant with its commission. The character of foot-prints, found where the crime is discovered, leading to or from the place of the crime, and their correspondence with the feet of the accused, or with shoes worn by him, or found in his possession, we have held are admis-

sible in evidence to identify him as the guilty agent.—*Young v. State*, 68 Ala. 569.

A witness may be allowed to state that he measured the tracks at the place where the crime was committed, and compared them with tracks made by defendant the next day, and they corresponded; but, he will not be allowed to say that a particular shoe which he saw on defendant's foot would make such a track, nor that "in his judgment it was defendant's track," nor to give his opinion on the subject at all.   He must state the facts of identification, and it is for the jury to find, from the facts deposed to, whether they were defendant's tracks or not.—*Bushby v. State*, 77 Ala. 66; *Riley v. State*, 88 Ala. 193.

It was erroneous for the court to allow the witnesses to express their opinions, "that the tracks seen at or near the place of the killing, were the same, and made by the same persons, as the others they occasionally saw elsewhere;" and for the sheriff to testify, that the track or impression made by the shoe taken by him off of defendant's foot; "was the same as the other tracks made and seen several days previous, near the place of the killing and other places in the town of Brewton."

III.   The court committed no error in allowing the State to introduce evidence of the pendency, in that court, of another indictment against defendant, for another crime, alleged to have been committed by him, in which deceased was a witness for the State, against him, in connection with the evidence of threats made by defendant, to take the life of the deceased, because she was a witness against him, in said cause.   This evidence tended to show motive, on the part of defendant, to get rid of deceased.—*Marler v. State*, 67 Ala. 56; s. c. 68 Ala. 580; *Duncan v. State*, 88 Ala. 34.

IV.   Defendant, testifying in his own behalf, failed to state or deny, that he did or did not do the shooting that killed deceased, although he was asked directly, if he did do it.   The solicitor for the State argued to the jury, that this failure of defendant to deny in his testimony, that he did the shooting, was an admission that he did it.   To this argument the attorney for the defendant objected, on the ground, that it was no admission against him, and moved to exclude it, but the court overruled the objection and motion, and defendant excepted.

The bill of exceptions states, in this immediate connection, that the court, then and there, and in its general charge instructed the jury, that the failure of defendant to answer that question, was not an admission or confession

[Lang v. The State.]

that he did the shooting, but that it was a circumstance in evidence in the case, which might be considered by them; and the State's solicitor was not allowed to argue it as a confession or admission, but only as a circumstance, the weight of which was dependent on the circumstances, and it was for the jury, in the light of all the evidence, to determine what weight they would give to it, if any.

There was no error in this ruling, of which the defendant can complain.—*Clarke v. State*, 87 Ala. 71; *Cotton v. State*, 87 Ala. 103.

V. The court was requested, by defendant, but refused, to charge the jury: "That a reasonable doubt is defined to be a doubt, for which a reason could be given," and defendant excepted.

This charge was held to be good, in *Cohen v. State*, 50 Ala. 108, and held to be incorrect, in *Ray v. State*, in the same volume, p. 104.

In *The People v. Guidici*, 100 N. Y. R. 509, the court approved a charge on reasonable doubt, which defined it as "A doubt for which some good reason, arising from the evidence, may be given;" and in *State v. Jefferson*, (La.) 10 So. Rep. 200, the court sustained a charge, that reasonable doubt was "A serious, sensible doubt, such as you could give a good reason for."—3 Gr. on Ev. (14 Ed.), § 29, note.

We adhere to the rulings in *Cohen's case*, and hold, that the court erred in not giving this charge.

For the errors pointed out, the judgment of the court is reversed and the cause remanded.