# Ellis v. The State.

120 333
120 309
f120 373
120 333
d124 22

*Indictment for an Assault with Intent to Murder.*

1. *Assault with intent to murder; when evidence of previous difficulty admissible.*—On a trial under an indictment for an assault with intent to murder, evidence of a previous difficulty between the defendant and the person assaulted, tending to show malice on the part of the defendant in making the assault charged, is competent and admissible.

2. *Same; admissibility of evidence as to tracks.*—In a trial under an indictment for an assault with intent to murder, where there has been introduced evidence of a previous difficulty between the defendant and the person assaulted, tending to show malice on the part of the defendant, it is competent for the defendant, on the cross-examination of one of the State's wit-

[Ellis v. The State.]

nesses, who testified that he had seen tracks at the place where the previous difficulty occurred, to show the size and shape of said tracks, in rebuttal of the evidence as to the previous difficulty.

3. *Self-defense; charge as to freedom from fault in bringing on the difficulty.*—In a criminal prosecution, where the defendant pleads self-defense, a charge which instructs the jury that an "accused who answers a charge of crime by the plea of self-defense must, in order to be acquitted on that ground, be entirely free from fault in bringing on the difficulty," asserts a correct proposition of law; since the word "entirely" exacts no higher degree of freedom from fault than the mere expression that the defendant must be "free from fault."

4. *Charge to the jury; reasonable doubt.*—A charge which instructs the jury that "a reasonable doubt is a doubt for which a reason may be assigned," asserts a correct proposition of law; and the giving of such a charge is free from error.

5. *Conspiracy; charge in reference thereto.*—Where, in a criminal prosecution, there was testimony on the part of the State tending to show a conspiracy between the defendant and another, to commit the offense charged in the indictment, and the testimony on the part of the defendant tended to disprove the conspiracy, and each of these tendencies of the evidence was commented upon in argument by counsel for the State and defendant, respectively, an instruction by the court to the jury that, in order to convict the defendant, it is not necessary for them to find that there was a conspiracy between the defendant and such other person, is proper and free from error.

6. *Assault with intent to murder; malice; charge to the jury.*—On a trial under an indictment for an assault with intent to murder, where the assault has been shown to have been made with a knife, a charge to the jury which instructs them, that while malice does not necessarily mean personal ill will or hatred, "yet, if the sole purpose actuating the defendant to stab" the person assaulted "was to get revenge for some wrong previously done him, whether real or fancied, then the law would consider the act as done with malice," is free from error, where the stabbing of the person assaulted is not denied, and there was evidence tending to show that it was done for revenge.

7. *Same; when passion will not reduce felonious assault to simple assault.*—Passion engendered by mere words, or by information communicated by another, will not reduce a felonious assault to an assault and battery, or simple assault; and on a trial under an indictment for an assault with intent to murder, a charge which instructs the jury that if the defendant attacked the person unlawfully, "but made such attack, not from malice

aforethought, but from passion aroused by recent knowledge that" the person assaulted "had falsely accused him of a felony, you may look at this to determine the grade of the offense committed by defendant," is erroneous and properly refused.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant, John Ellis, was indicted, tried and convicted for an assault with intent to murder, and was sentenced to the penitentiary for three years.

On the trial of the case, the State introduced as a witness one Jack White, who testified that. a short time before he appeared before the grand jury that found the indictment against defendant, the defendant attacked him and stabbed him several times with a knife; that the facts of the difficulty were as follows : He was going along the public road with several other persons, and as he approached the defendant who was standing near the side of the road, the latter beckoned to him to stop ; that as he, the witness, went up to the defendant, the defendant grabbed him with one hand and began to stab him with a knife which he held in the other, saying to him that "You told Mr. Chestnut," (referring to White having told Mr. Chestnut that defendant was stealing his corn) ; that the witness did not offer to strike the defendant, and had no weapon of any sort in his hand ; that as the defendant was stabbing him Jim Williams came up, and pointing a gun at the witness, told the other people to stand back and not to interfere. The other facts of the case necessary to an understanding of the opinion on the present appeal are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked : "If the defendant attacked Jack White unlawfully, but made such attack, not from malice aforethought, but from passion aroused by recent knowledge that Jack White had falsely accused him of a felony, you may look at this to determine the grade of offense committed by defendant."

· JOSEPH CALLOWAY, for appellant, cited. *Ford v. State*, 71 Ala. 387 ; *Gandy v. State*, 86 Ala. 21 ; *Morgan v. State*, 88 Ala. 223 ; *Garrett v. State*, 76 Ala. 18.

CHARLES G. BROWN, Attorney-General, for the State. The charge requested by the defendant and refused by the court was not only argumentative and misleading, but stated an incorrect proposition of law.—*Compton v. State*, 117 Ala. 56 ; *Clarke v. State*, 117 Ala. 1 ; *Potter v. State*, 92 Ala. 37 ; *Grant v. State*, 62 Ala. 233 ; *Allen v. State*, 52 Ala. 391.

DOWDELL, J.—The appellant was tried and convicted on an indictment for an assault with intent to murder. Upon the trial the State introduced testimony tending to show the felonious character of the assault. Jack White, the assaulted party, among other things testified as follows : "What started the trouble was this : The night before the difficulty I was watching a field for Mr. Chestnut, as for several nights previous to this some person or persons had been stealing from it. While I was so watching I saw Jim Williams and defendant stealing from this field and shot at them. In reply defendant snapped a cap at me. After this both ran off. The next day I told Mr. Chestnut what happened in the field the night before." This testimony no doubt was offered to prove a previous difficulty and as tending to show malice on the part of the defendant in making the assault for which he was on trial, and for that purpose was competent. On the cross-examination by the defendant of the State's witness, Mr. Chestnut, the defendant sought to show by the witness, who stated on cross-examination that he had seen two sets of men's tracks in the field where Jack White said he shot at defendant, the size and shape of those tracks, and this the court refused to allow on objection made by the State. We think this evidence was competent on the line of being in rebuttal of the evidence offered by the State as to the previous difficulty. If the size and shape of the tracks had shown them such as not to have been made by defendant, this would have shown that the defendant was not the party shot at by Jack White, and was clearly in re-

buttal of the evidence as to the previous difficulty. The court erred in refusing to allow the defendant to make this proof.

The bill of exceptions states in general terms that the testimony introduced in behalf of the defendant tended to show that defendant acted in self-defense. In the course of its general charge to the jury, in describing the necessary elements of self-defense, the court charged the jury as follows : "The law does not institute any comparison for the purpose of ascertaining the relative fault of the accused and the person assaulted, but it says that the accused who answers a charge of crime by the plea of self-defense must, in order to be acquitted on that ground, be entirely free from fault in bringing on the difficulty." To that part of the foregoing which is in the words, "but it [the law] says that the accused who answers a charge of crime by the plea of self-de-fense must, in order to be acquitted on that ground, be entirely free from fault in bringing on the difficulty," the defendant then and there duly excepted, stating the ground of the exception to be that the law does not qual-ify the freedom from fault, but says the defendant must be free from fault. The exception and objection of the appellant goes to the use of the word "entirely" em-ployed by the court in its charge. It is contended by counsel for appellant that this is contrary to the decisions of this court, wherein it has been said, that under the plea of self-defense, a charge requested by the defend-ant which, by its language, qualified the freedom from fault on the part of the defendant, was properly refused. We can not agree to this contention of appellant's coun-sel. Upon an examination of those cases, it will be found that the language of the charges requested did qualify this important element and principle of the law of self-defense, and with the tendency, if not the pur-pose, to fix degrees of defendant's freedom from fault in bringing on the difficulty. The language employed by the court in this case in the general charge, exacted no higher degree, than is imported by the expression "free from fault." In its final analysis, without being hyper-critical, the only just and reasonable construction of the language employed in the charge, is that it means *free*

22

*from fault,* nothing more nor less. Besides, the trial court was not without precedent in authorities in the employment of the word "entirely" in the connection in which it was used. In *Bell v. State,* 115 Ala. 39, this court in commenting on a charge used the following language : "Charge 20 does not sufficiently hypothesize the defendant's freedom from fault in bringing on the difficulty. If he made the declaration testified to by the witness, Jim Tom Childress, as the deceased and others approached defendant, it was a circumstance to be considered by the jury in determining whether or not defendant was *entirely* free from fault." (The italics are ours). In *Crawford v. State,* 112 Ala. 29, speaking of this element of self-defense, BRICKELL, C. J., uses the following language : "The defendant must have been free from *all* fault or wrong-doing, on his part, which had the effect to provoke or bring on the difficulty." (The italics ours). See also *Rains v. State,* 88 Ala. 91.

The court in its oral charge, in defining a reasonable doubt, stated that "a reasonable doubt is a doubt for which a reason may be assigned," and this was excepted to by the defendant. This definition has been several times decided by this court to be correct, and we adhere to those decisions.—*Hodge v. State,* 97 Ala. 37 ; *Walker v. State,* 117 Ala. 42.

There was testimony on the part of the State tending to show a conspiracy between defendant and one Jim Williams to commit the offense charged in the indictment, and testimony on the part of defendant tending to disprove any conspiracy. In their arguments to the jury counsel for the State contended that a conspiracy was proven, while counsel for defendant contended that the evidence did not warrant such conclusion. The court in its general charge instructed the jury that in order to convict the defendant it was not necessary for them to find that there was a conspiracy between defendant and Jim Williams. To this part of the general charge the defendant duly excepted. There is nothing in the exception ; the charge was eminently proper and correct.

The court further in its general charge to the jury said : "Malice as used here does not necessarily mean personal ill will or hatred, yet if the sole purpose

actuating defendant to stab Jack White was to get revenge for some wrong previously done him, whether real or fancied, then the law would consider the act as done with malice." The court then defined legal malice. To that part of the foregoing charge beginning with the word "yet," the defendant excepted. The stabbing of Jack White by defendant was not denied, and there was evidence tending to show that it was done for revenge. We think the charge was free from error.

The written charge requested by the defendant was very properly refused. It is not only argumentative, but it, also, fails to correctly state the law. Passion engendered by mere words will not serve to reduce the felonious assault to an assault and battery or simple assault, and the same rule obtains as to information communicated by others.

For the error pointed out the judgment of the city court is reversed and cause remanded.