(100 South. 87)

## YOUNGBLOOD v. STATE. (6 Div. 287.)

(Court of Appeals of Alabama. Jan. 22, 1924. Rehearing Denied Feb. 5, 1924.)

**1. Witnesses ⊚⇒240(2)—Permission of leading questions in sound discretion of judge.**

Permission of leading questions is in sound discretion of trial judge.

**2. Criminal law ⊚⇒561(1)—"Reasonable doubt" defined.**

"Reasonable doubt" is doubt for which there is reason found in evidence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Doubt.]

**3. Criminal law ⊚⇒822(1)—Court's oral charge taken as whole.**

Court's oral charge must be taken as a whole.

**4. Criminal law ⊚⇒789(9)—Oral charge on reasonable doubt held not error; "fixed"; "conviction"; "fixed conviction of guilt arising out of evidence."**

Court's oral charge, as restated after exception, that if jury, after considering all the evidence, had fixed conviction of defendant's guilt arising out of evidence, there was no reasonable doubt, *held* not error; "fixed" meaning "of established, unchanging, permanent character, settled, lasting," and "conviction" meaning "state of being convinced, firm belief founded on evidence," so that "fixed conviction of guilt arising out of evidence" is established, unchanging belief founded on evidence and equivalent of belief from evidence beyond reasonable doubt of defendant's guilt.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Convicted—Conviction; Fixed.]

Appeal from Circuit Court, Fayette County; R. L. Blanton, Judge.

Louis Youngblood was convicted of violating the Prohibition Law, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Youngblood, 100 South. 88.

S. T. Wright and J. M. Hawkins, both of Fayette, for appellant.

The trial court's definition of reasonable doubt was erroneous. 16 C. J. 989; Ray v. State, 50 Ala. 104; Dennision v. State, 17 Ala. App. 674, 88 South. 214; Guin v. State, ante p. 67, 94 South. 788; Karr v. State, 106 Ala. 3, 17 South. 328; Rogers v. State, 117 Ala. 192, 23 South. 82.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The appellant was convicted for manufacturing prohibited liquors.

[1] It was not error for the court to permit the solicitor for the state to ask the state's witness White, "Are you absolutely positive that you saw Louis Youngblood there [at the still]?" The permission of leading questions is in the sound discretion of the trial judge.

[2] Exception was reserved to the following portion of the court's oral charge:

"A reasonable doubt, gentlemen, is what that term implies, a doubt for which there exists a reason to be found in the evidence, or due to the lack of sufficient evidence to satisfy you beyond a reasonable doubt. It is not a mere speculative doubt, or a mere possible doubt, but it is a substantial doubt—a reasonable doubt."

In Ray v. State, 50 Ala. 104, the definition of a "reasonable doubt" as one "for which a reason can be given" was held to be calculated to confuse and mislead the jury, and it was held that a charge thus defining a reasonable doubt was properly refused. In Cohen v. State, 50 Ala. 108, the court held that a similar charge asserts a correct legal proposition, and its refusal was error. In Avery v. State, 124 Ala. 20, 27 South. 505, the court, speaking through Justice Sharpe, says:

"Therefore we hold to the opinion that charge 1 was calculated to confuse and mislead the jury and that its refusal was not error. The decisions on this point in Cohen v. State, 50 Ala. 108, Hodge v. State, 97 Ala. 37, and Walker v. State, 23 So. Rep. 149, are overruled. The cases of Ellis v. State, 25 So. Rep. 1, and Jones v. State, Ib. 204, upholding the giving of similar charges, are not in conflict with this. The vice of such charges being only in their tendency to mislead, under the settled rule, neither the giving nor refusal of them is reversible error."

In Ellis v. State, 120 Ala. 333, 25 South. 1, the defendant excepted to that portion of the court's oral charge as follows: "A reasonable doubt is a doubt for which a reason may be assigned." The court there held that this definition was correct, and cited in support Hodge v. State, 97 Ala. 37, 12 South. 164, 38 Am. St. Rep. 145; Walker v. State, 117 Ala. 42, 23 South. 149. In Jones v. State, 120 Ala. 303, 25 South. 204, the court, in its oral charge to the jury in defining a "reasonable doubt," among other things, said, "It is a doubt for which a reason may be given." The court there held that this is one of the correct definitions of a reasonable doubt.

It was not error for the court to charge the jury that a "reasonable doubt is a doubt for which there exists a reason to be found in the evidence."

[3, 4] The defendant excepted to the following portion of the court's oral charge to the jury:

"If after you have considered all the evidence in the case you have in your minds a

fixed conviction of the defendant's guilt, then there is no reasonable doubt in the sense in which that term is used in law."

After the exceptions above noted had been interposed, the court gave the following oral charge to the jury, to which exception was reserved:

"Gentlemen of the jury, referring further to the definition of 'reasonable doubt,' and to the instructions which the court gave you to this effect, that if, after considering all the evidence in the case, there is in your minds a fixed conviction of the defendant's guilt, then there is no reasonable doubt in the sense in which that term is used in law, the court wishes to make that plain to you, that that conviction, if you have a conviction of the defendant's guilt after considering all the evidence in the case, must arise out of the evidence in the case. In other words, whatever decision you reach must be based upon the evidence of course;

"So that I will restate that part of the definition of a 'reasonable doubt.' If after considering all the evidence in the case there is in the minds of the jury a fixed conviction of the defendant's guilt, and that conviction arises out of the evidence in the case, then there is no reasonable doubt in the sense in which that term is used in law."

The oral charge of the court must be taken as a whole. The court, after the first exception immediately above noted was reserved, stated in explanation of what had been said, or, as the court puts it, restated the proposition as follows:

"If after considering all of the evidence in the case there is in the minds of the jury a fixed conviction of the defendant's guilt, and that conviction arises out of the evidence in the case, there is no reasonable doubt in the sense in which that term is used in law."

"Fixed" means, "of an established, unchanging permanent character; settled; lasting." "Conviction" means, "the state of being convinced; firm belief, founded on evidence." Fixed conviction of guilt "arising out of the evidence" is, therefore, an established unchanging belief founded on the evidence, and is the equivalent of a belief from the evidence, beyond a reasonable doubt, of the guilt of the defendant.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.