(121 So. 2)
### GLOVER v. STATE. (7 Div. 500.)
Court of Appeals of Alabama. March 19, 1929.

S. W. Tate, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. ▮ The value of the property alleged to have been stolen was less than $25, and hence the charge is a misdemeanor. Code 1923, § 4912.

▮ The verdict of the jury was as follows: "We the jury find the defendant guilty as charged in the second count of the indictment and fix his punishment at thirty days hard labor and a fine of $25.00."

The property stolen having been returned to the owner, it was not necessary for the jury to assess its value. Code 1923, § 4910; Du Bois v. State, 50 Ala. 139.

▮ That part of the verdict fixing punishment at 30 days' hard labor is a nullity. The court must fix the punishment, and in doing so treats that part of the verdict as surplusage. Martin v. State, 125 Ala. 64, 28 So. 92.

▮ The evidence as to both counts of the indictment was in conflict, and hence the general charges as to each were properly refused.

▮ The court in its general charge instructed the jury: "A reasonable doubt is a doubt for which you can give a reason." One of the definitions given and approved by the courts as to what constitutes a reasonable doubt is: "A doubt growing up .out of the evidence for which a reason can be given." Avery v. State, 124 Ala. 20, 27 So. 505; Youngblood v. State, 19 Ala. App. 561, 100 So. 87. In the latter case, after citation of authority, it was held that the exact charge given by the court in this case was free from error. We think that the doubt should ˛be predicated upon the evidence, but, in any event, the defendant here is not injured by the definition given.

We find no error in the record, and the judgment is affirmed.

Affirmed.