# Benjamin *v.* The State.

## *Larceny.*

(Decided January 12th, 1915.　67 South. 792.)

1. *Evidence; Declarations; Presence of Defendant.*—Evidence of a witness that some one had told him over the phone that the defendant, who was one of his porters, was down there with goods which the speaker was sure had been stolen, and was trying to dispose of them, was not admissible because not made in the presence of the defendant.

2. *Same; Secondary; Identity.*—Where a part of the goods stolen was a lady's dress on which there was a ticket bearing a certain price mark, which had been removed when found, it was competent to show that after defendant had been arrested, there dropped from the clothes of the defendant a ticket similar to that which had been on the dress, bearing the same price mark, and that the ticket found on the defendant looked like the one missing from the dress; such ticket being a matter of description and identity, and not a document and hence susceptible of proof by parol.

[Benjamin v. The State.]

3. *Appeal and Error; Harmless Error; Evidence.*—Where error has been committed by the admission of evidence, such error is cured by a proper subsequent withdrawal of such evidence.

4. *Charge of Court; Directing Verdict.*—Where the evidence in a criminal case, if believed by the jury, is sufficient in its inferences to overcome prima facie the presumption of innocence, a defendant is not entitled to have a verdict directed for him.

5. *Same; Reasonable Doubt.*—A charge asserting that the jury could not convict without a reasonable belief of defendant's guilt, and that such belief might not be sufficiently strong to exclude a reasonable doubt to the contrary, was properly refused.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Clem Benjamin was convicted of grand larceny, and he appeals. Affirmed.

The facts sufficiently appear. The following is charge 9 :

The jury should not convict defendant without a reasonable belief of his guilt, and even such reasonable belief might not be sufficiently strong to exclude a reasonable doubt to the contrary.

L. A. SANDERSON, for appellant. It is admitted that the court was in error in permitting testimony of declarations of a third party not made in the presence of the defendant, but it is insisted that the error was cured by the court's action in subsequently excluding such evidence. This insistence cannot be sustained.—*Maxwell v. The State,* 89 Ala. 164; *Williams v. The State,* 83 Ala. 16; *Perry v. The State,* 91 Ala. 83. The court erred in admitting evidence as to the similarity of the tag without requiring a production of same.—*Dubose v. The State,* 115 Ala 76; *Jernigan v. The State,* 81 Ala. 58.

ROBERT C. BRICKELL, Attorney General and THOS. H. SEAY, Assistant Attorney General, for the State. Counsel discuss the matters assigned with the insistence that no errors intervened, but they cite no authority.

THOMAS, J.—Defendant was convicted of grand larceny, and on appeal his counsel urge that the lower court committed error in the admission of evidence, in two particulars, and in refusing written charges 9 and 12.

Clearly, the court was, as is first insisted, in error in permitting the state's witness Sims to testify that some one told him (witness) over the phone that: "There is I am sure he has stolen them and is trying to dispose of talking was a police officer, and that the defendant had them. If I turn the negro up, will you pay us for it?"

The court was probably led into the error of admitting this evidence upon the assumption that the person talking was a police officer, and that the defendant had been arrested and was within the presence and hearing of the officer at the time the latter was so talking over the phone and therein charging defendant with crime. There was some basis for such an inference at the time the message was let in, evidently misleading also the defendant's counsel, which we judge from the fact that one of the objections interposed to it by him was "that it was a declaration made by a third party in the presence of defendant."

Later, it developed that defendant was not present; and thereupon the court on motion of defendant's counsel excluded and ruled out from the consideration of the jury this telephone message, and thereby cured the error of admitting it.

It appears that the defendant was a porter in the store from which the goods were stolen, and that, among the articles taken, was a lady's dress, which was found, on the day the defendant was arrested, concealed behind the store, and that, when found, the ticket bearing the price mark ($35), which had formerly been on the dress, had been removed from it; and one of the

state's witnesses was permitted to testify, over defendant's objection, that after defendant was arrested, and while he was being carried to jail, there dropped from his clothes a ticket like that that had been on the dress bearing the price mark $35.

The insistence here of defendant's counsel, which is predicated upon his objection in the lower court raising that point, is that the ticket itself was the best evidence of its contents, and that secondary evidence of such contents was not admissible until loss of the ticket had been shown. This is undoubtedly the rule with respect to documents; but counsel overlook the fact that there are certain writings and inscriptions which cannot be properly classed as documents, and to which the rule is not applicable, but which the law regards simply as matters of description and identity and as susceptible, primarily, of parol proof. Among writings that have been held to be of this class are a direction on a parcel, words written on the tag of a valise, labels attached to jugs or decanters, and indicating their contents, etc.; and we are clear in the opinion, and so hold, that the ticket here in question properly falls within such class, and consequently that the court did not err in admitting parol evidence to the effect that the ticket found on the prisoner looked like the one that was missing from the dress and that each bore the price mark $35.—17 Cyc. 483, and cases there cited; *Hester v. State,* 103 Ala. 83, 15 South. 857; 1 Mayf. Dig. 322, § 8, and page 336, § 27; *Mitchell v. State,* 94 Ala. 68, 10 South. 518; *Spivey v. State,* 26 Ala. 90; *Watson v. State,* 63 Ala. 19; *Duffie v. Phillips,* 31 Ala. 571; *Johnson v. Cunningham,* 1 Ala. 249.

As there was evidence, which, if believed by the jury, was sufficient in its inferences to overcome prima facie the presumption of innocence, the court did not err in

refusing charge 12, which was the general affirmative charge requested by defendant.—*Jones v. State,* 90 Ala. 628, 8 South. 383, 24 Am. St. Rep. 850. Nor did the court commit error in refusing written charge 9.—*Gus Moore v. State, infra,* 67 South. 789.

We have discussed only the errors urged, but have examined the entire record. As we find no error, the judgment appealed from is affirmed.

Affirmed.