(108 So. 870)

**WATERCUTTER v. STATE.** (6 Div. 824.)

(Court of Appeals of Alabama. Jan. 12, 1926. Rehearing Denied Feb. 2, 1926.)

**1. Criminal law ⟜394—That search was without warrant, and so illegal, held not to prevent showing what was found.**

That search of defendant's premises without warrant was illegal does not prevent introduction of evidence of what was found; production of search warrant not being necessary to make proof that search was made.

**2. Criminal law ⟜398(1)—Best evidence rule applies exclusively to documentary evidence, and not to proof of nature, appearance, or condition of physical object.**

Best evidence rule applies exclusively to documentary evidence, and not to proof of nature, appearance, or condition of objects, which may be proven by parol, without offering the objects or accounting for their absence.

**3. Criminal law ⟜713—Remark of solicitor in argument as to hiring attorney like defendant's attorney, and getting out of it, held not ground for reversal.**

Remark of solicitor in argument, "If you believe you can hire a lawyer like Mr. S. (defendant's attorney), and get out of it, you will do it, won't you?" held not ground for reversal.

**4. Criminal law ⟜713.**

Matters of exhortation are permissible in solicitor's argument.

**5. Criminal law ⟜753(1).**

The evidence being in conflict, affirmative charge was properly refused.

**6. Criminal law ⟜829(1).**

It is enough that refused charges were substantially covered by oral charge.

Appeal from Circuit Court, Jefferson County; B. C. Jones, Special Judge.

John Watercutter was convicted of possessing a still, and he appeals. Affirmed.

In argument to the jury, the solicitor used these remarks:

"If you believe that you can hire a lawyer like Mr. Scott and get out of it, you will do it, won't you?"

Pinkney Scott, of Bessemer, for appellant.

Parts of still alleged to have been found should have been produced in evidence. Walker v. State, 97 Ala. 86, 12 So. 83; Mitchell v. State, 94 Ala. 68, 10 So. 518. Counsel argues other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Defendant was not due the affirmative charge. Pellum v. State, 89 Ala. 28, 8 So. 83. It was not requisite that the articles in question be introduced in evidence. 17 Cyc. 800.

SAMFORD, J. [1] The search of defendant's premises without a search warrant was an illegal act, but that fact does not prevent the introduction of evidence as to what was found by the officers making the search. Being collateral merely, the production of the search warrant is not necessary in making proof that a search was in fact made.

[2] If the parts of the distilling outfit found on defendant's premises had been offered in evidence, such parts would have been admissible, but, in the absence of the still, evidence describing the parts is admissible. The best evidence rule applies exclusively to documentary evidence, and does not apply to proof of the nature, appearance, and condition of mere physical objects, but these facts may be proven by parol without offering the objects themselves or accounting for their absence. 22 Corpus Juris, p. 979, par. 1225. The foregoing applies to all those rulings of

---

the trial court relative to the evidence describing the still and the court's instruction to the jury to the effect that the state was not required to produce the parts of the still before offering evidence as to its description.

As to whether a search warrant was issued, authorizing a search of defendant's premises was in this case immaterial, as was also any condemnation proceedings instituted against defendant's property. The court did not err in excluding this testimony.

[3, 4] The excerpts from the solicitor's argument to the jury are not such as to constitute reversible error. It may be, the solicitor should not have referred to defendant's attorney by name, but Mr. Scott had been vigorous in defense of this defendant, and the remark may be taken as incidental in the heat of debate, and does not deserve the condemnation of being unethical. The other excerpts were not the statements of facts outside the record, but were used by way of exhortation, which is permissible.

[5, 6] The evidence was in conflict, and hence the affirmative charge was properly refused, and refused charges 4 and 5 were substantially covered in the oral charge of the court.

We find no error in the record, and the judgment is affirmed.

Affirmed.