36 So.2d 474

**DODD et al. v. STATE.**

6 Div. 633, 6 Div. 633–A.

Supreme Court of Alabama.
July 31, 1948.

Curtis, Maddox & Johnson, of Jasper, and J. M. Hawkins, of Winfield, for appellants.

A. A. Carmichael, Atty. Gen., Hugh F. Culverhouse, Asst. Atty. Gen., and Fite & Fite, of Hamilton, for the State.

PER CURIAM.

Upon further consideration of this case, we think the application for rehearing is due to be denied and it is so ordered. The original opinion, however, is withdrawn and this opinion substituted as expressive of our views.

The only point to be noticed is whether or not there was error in overruling the motion for a new trial. Without entering into a detailed discussion of the evidence,

it will suffice for the purposes of this opinion to mention that the deceased intercepted the two defendants as they were traveling alone along a highway in Marion County and, without a warrant or notice to them of the cause of their interception, proceeded to seize and search them for whiskey. Whereupon, when he undertook to search Etheridge Dodd, who also was possessed of no such contraband article, Etheridge resisted, a struggle ensued, both drew pistols during the rencounter and the deceased was killed and Etheridge seriously wounded.

The court in the course of charging the jury instructed them at the request of the defendants that "If you believe the evidence in this case, the deceased Jim Wood, had no legal right to stop the defendants on the occasion of the difficulty and seize him for any purpose." Since this charge was given it became the law of the case whether or not it was the correct interpretation of the evidence and should have conduced to control the jury's decision. Franklin Fire Ins. Co. v. Slaton, 240 Ala. 560, 200 So. 564; Coffee County v. Spurlin, 245 Ala. 99, 16 So.2d 12 (14), and cases cited; Code 1940, Tit. 7, § 270.

In view of the well recognized principles of law governing such cases (Sanders v. State, 181 Ala. 35 (44), 61 So. 336 (339); Green v. State, 238 Ala. 143, 189 So. 763; Brown v. State, 109 Ala. 70, 20 So. 103; Spooney v. State, 217 Ala. 219 (225), 115 So. 308; Tranum v. Stringer, 216 Ala. 522 (525), 113 So. 541), our opinion is that in the light of the charge of the learned trial judge on the subject, in connection with the alleged unprovoked trespass of the deceased on the defendants, the jury probably did not give due weight and consideration to the declared law applicable to the undisputed evidence in the case. Wherefore we think the ends of justice require a reversal of the conviction on the weight of the evidence that the case may be retried. It is so ordered.

Opinion substituted, original opinion withdrawn and application for rehearing overruled.

GARDNER, C. J., and BROWN, FOSTER and SIMPSON, JJ., concur.

LIVINGSTON, LAWSON and STAKELY, JJ., dissent being of the opinion that no error appears of record and that the rehearing should be granted and the judgment of conviction affirmed.