278 So.2d 198

James E. DUNAWAY

v.

STATE.

7 Div. 184.

Court of Criminal Appeals of Alabama.

Feb. 6, 1973.

Rehearing Denied March 27, 1973.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charged burglary in the second degree. Appellant was convicted as charged and sentenced to five years imprisonment.

The alleged burglary occurred at approximately 4:00 A.M. on the morning of September 6, 1970, at Harmon's Sure Save Grocery Store in Eden, Alabama. T. L. Harmon, Jr., the proprietor of said store, testified that he was sleeping in his store on the night of September 5, 1970, in effect guarding the store as it had been broken into several times within the last month; that he was awakened shortly before 4:00 A.M. by the voices of two men in the store; that he reached for his sixteen-

Jesse W. Shotts, Birmingham, for appellant.

gauge shotgun which was situated in close proximity to his bed, and in so doing made a noise which apparently scared the two men, causing them to run from the store.

According to Harmon, the two men fled from the store in opposite directions, one in the direction of Pell City, the other in the direction of Birmingham. Harmon testified that at this point he recognized one of the men as being one Tommy Hurst, but that it was the other man, later identified as appellant, that he pursued. Harmon testified that he shouted to the fleeing man to halt, and when he failed to do so, Harmon fired his shotgun twice, wounding the man. He observed the injured man stumble behind a house located behind his store, owned by a Mrs. Inzer.

When the police arrived shortly thereafter, appellant was found lying face down in the bushes behind Mrs. Inzer's house. He was bleeding from wounds in the back. Appellant asked one of the officers not to shoot him. He was then placed in a police vehicle and taken to Pell City Hospital.

R. E. Bowlin, Chief of Police in Pell City, testified that he investigated the alleged burglary and, upon arriving at the scene, was informed by Harmon that Tommy Hurst and James Dunaway, the appellant, had broken into his store. Chief Bowlin, who testified that he knew both Hurst and Dunaway, and knew their place of residence to be the St. Clair Motel, thereupon arrested Hurst at said motel and returned to the scene where Harmon identified Hurst as one of the burglars.

The testimony of one Lucky Patricia Peters placed appellant and Hurst together shortly before the alleged commission of this offense. She testified that she saw the two men together at the Leeds Hospital, where she was working, on the morning of September 6, 1970, at about 3:00 or 3:30 A.M.; and that she, along with appellant's wife, Barbra Dunaway, agreed to meet Hurst and appellant at the St. Clair Motel when they got off work at 7:00 that morning. Miss Peters testified that Hurst and Dunaway failed to show up at the motel.

I

■ Each of appellant's attorneys urged this Court to consider certain matters, as set forth in their briefs or affidavits attached thereto, which they allege occurred at trial, but for various reasons were not raised at trial, or by motion for new trial.

Matters raised for the first time on appeal in brief or by affidavits attached thereto are covered by Edwards v. State, 287 Ala. 588, 253 So.2d 513, as follows:

"The rule is that argument in brief reciting matters not disclosed by the record cannot be considered on appeal, Christian v. Reed, 265 Ala. 533, 92 So.2d 881; and the record cannot be impeached on appeal by statements in brief, by affidavits, or by other evidence not appearing in the record. Coleman v. Estes, 281 Ala. 234, 201 So.2d 391; Liberty National Life Ins. Co. v. Patterson, 278 Ala. 43, 175 So.2d 737; Evans v. Avery, 272 Ala. 230, 130 So.2d 373." See also Phillips v. State, 32 Ala.App. 238, 24 So.2d 226; Clark v. State, 280 Ala. 493, 195 So.2d 786; Argo v. State, 282 Ala. 509, 213 So.2d 244.

II

■ Appellant next contends that the trial court erred in allowing testimony as to the condition of the front door of the grocery store which was allegedly forced open to gain entrance into the store. Appellant's objection was premised on the ground that the best evidence rule precluded such testimony, and that the best evidence would have been to allow the jurors to visit the scene of the incident.

Appellant's contentions in this regard are totally lacking in merit. In the first instance, the best evidence rule has no application to physical objects but rather has application only to documentary evidence.

Watercutter v. State, 21 Ala.App. 248, 108 So. 870.

Furthermore, the granting or denial of an out-of-court view is a matter within the sound discretion of the trial judge. Townsell v. State, 255 Ala. 495, 52 So.2d 186; Brown v. State, 229 Ala. 58, 155 So. 358.

■ Having reviewed the testimony adduced at trial in this respect (R. pp. 25–27), we are of the opinion that an out-of-court view would not have aided the jury in determining whether the door had been broken into, the testimony at trial being sufficiently descriptive of the condition of the door. Thus, aside from the inapplicability of the best evidence rule, there was no abuse of discretion.

We have carefully reviewed the record in the case at bar, as we are required to do under Title 15, Section 389, Code of Alabama 1940, and find no error therein. The judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.