323 So.2d 390

**Fred CAIN**

v.

**STATE.**

**7 Div. 337.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Rehearing Denied Oct. 28, 1975.

Hubert L. Taylor, Rowan S. Bone, Gadsden, for appellant.

**506**

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Cain appeals from a conviction of receiving a stolen lawn mower. The trial judge sentenced him to eight years in the penitentiary. Code 1940, T. 14, § 338.

An admitted thief testified that he stole the lawn mower by taking it from the owner's front porch. He then took it to Cain who paid for it with two dollars cash and twenty amphetamine pills. The State brought in other evidence to corroborate this testimony.

■ On appeal defense counsel argues that the value of the machine, alleged in

the indictment to be $50.00, was not established. Value in our larceny and related statutes is an ingredient (1) to show that the property is a subject of larceny[1] and (2) to fix the punishment where a differentiation must be made in price to mark the line between grand and petty larceny, ordinarily twenty-five dollars.

■ Here the indictment charged the lawn mower was worth fifty dollars. The jury's verdict found Cain guilty as charged in the indictment—a finding which adopted the averred value. See *Middleton v. State*, 27 Ala.App. 564, 176 So. 613.

The oral charge did not mention value. Defense counsel took no exception to the trial judge's general charge nor did he tender any written requested charges. Hence, the oral charge became the law of the case, binding on the jury in their deliberations. *Smith v. State*, 53 Ala.App. 657, 303 So.2d 157; *Felton v. State*, 46 Ala.App. 579, 246 So.2d 467; and *Dodd v. State*, 251 Ala. 130, 36 So.2d 474.

■ Under Code 1940, T. 14, § 336 where, as was the case here, the stolen property has been returned to the owner, the jury does not need to assess its value. *Glover v. State*, 23 Ala.App. 81, 121 So. 2.

■ The owner of the lawn mower on direct examination valued the lawn mower at $50.00. That on cross he wavered only made the weight of his evidence a jury question. He was a competent witness.[2]

The judgment below is

Affirmed.

All the Judges concur.

---

1. Statutory exceptions of presumptive grand larceny are, among others, equine, canine and bovine beasts. Code 1940, T. 14, § 331, as amended. Michie's Code, T. 14, § 331(1) and 346(2). Cultivated fish are within protection of the punishment for petty larceny. Michie's Code, T. 14, § 343(1).

2. Code 1940, T. 7, § 367; McElroy, Evidence (2d ed.) § 128.11.