The Grand Jury of Etowah County, Alabama returned the following indictment against appellant in September of 1977:
 "The Grand Jury of said County charges that before the finding of this Indictment Diane Bell, alias Dianne Bell, alias Diane Dale, whose name to the Grand Jury is otherwise unknown than as stated, feloniously took and carried away one (1) pink slip, of the value of $10.00, the personal property of Ricky Hagedorn, contrary to law and against the peace and dignity of the State of Alabama."
Appellant was subsequently arraigned in the presence of counsel, at which time she entered a plea of not guilty. Upon a trial by jury, appellant was found guilty, the jury assessing a fine of four hundred dollars. The trial court adjudged appellant guilty, imposing the fine as set by the jury and adding twelve months imprisonment in the county jail. Nine months of this jail time was suspended.
After sentence was imposed appellant gave notice of appeal. Having been found indigent, appellant was provided a free *Page 422 
transcript and trial counsel was appointed to represent her on appeal.
This case arose from an incident at Hagedorn's, a clothing store, in the Gadsden Mall in Etowah County. On February 4, 1977, Richard Hagedorn, the manager of the store, saw two women, one of whom he identified as the appellant, "fooling around" with some merchandise at a rack of lingerie. When the two women left the store, Hagedorn saw that two of the clothes hangers on the rack were empty.
Hagedorn and a salesperson named Valerie Mims followed the women out into the mall parking lot where Hagedorn flagged down a policeman. Two to three yards from the spot where appellant was apprehended, Hagedorn saw several items of clothing on the ground, among them a pink slip marked with a "Hagedorn's" tag. Although the tags of items purchased in the store are torn in half at the time of purchase, Hagedorn testified, the tag on the slip was intact. As the manager of the store, Hagedorn was familiar with the value of the slip, testifying that it cost $10.00.
Valerie Mims testified that she was employed at Hagedorn's on the day in question. That afternoon Ms. Mims observed three women come into the store, two of them carrying large handbags. One of the two carrying a handbag was identified by Ms. Mims as the defendant. While watching the women standing behind a rack of lingerie, Ms. Mims saw a pair of hands remove a pink gown from the rack and place it into a handbag. Ms. Mims further testified that she and Hagedorn followed the women out into the mall parking lot. The rest of the witness's testimony corresponds with that of Hagedorn. However, Ms. Mims did see appellant throw the gown out in the parking lot.
Lieutenant Morris Alexander testified that he recovered the pink slip and other items in the mall parking lot near appellant. He turned the slip over to Sergeant David Gartman.
Sergeant David Gartman testified that he recovered a pink slip from Lieutenant Alexander in the mall parking lot, subsequently returning the slip to Hagedorn's. Gartman further testified that appellant was one of two females that had been taken into custody by Officer Alexander at the scene.
Appellant denied any involvement in the theft of the slip.
Appellant first contends that the trial court erred to reversal by allowing testimony by witnesses that they observed a Hagedorn's tag on the slip found in the parking lot. It was shown by the testimony that, when a sale is made, the price tag is torn in half. The tag on the slip was not torn, showing that the slip had not been sold in the store. Although the slip was recovered and returned to the store, it was not produced at trial. Appellant argues that the testimony concerning the merchandise tag violated the best evidence rule.
We do not agree. The best evidence rule applies when the party wishes to prove the terms of a writing. In that situation, the original is deemed to be the "best evidence" of its terms. Gamble, McElroy's Alabama Evidence, 3rd Ed., Section 212.01. However, it is well established that the rule does include chattels. Dunaway v. State, 50 Ala. App. 198,278 So.2d 198, cert. denied, 291 Ala. 777, 278 So.2d 200.
It would appear that chattels which bear an inscription might fall within the best evidence rule; but the Alabama cases have not so held. Benjamin v. State, 12 Ala. App. 148, 67 So. 792, held that the rule does not apply to: directions on a parcel; words written on a valise; and labels attached to jugs and decanters, indicating their contents. Similarly, a no trespassing sign was not required to be produced in order to prove its inscription in Harper v. State, 109 Ala. 28,19 So. 857.
The State was not required to introduce the merchandise tag into evidence in order to prove that it was from Hagedorn's. The trial court committed no error.
Next appellant contends that the trial court erred in denying his motion to require the State to produce the stolen item at trial. Apparently Hagedorn's disposed of the slip *Page 423 
by sale or otherwise after its return by the police. Appellant asserts in brief that the State "must identify stolen property, found in the possession of the accused with that for the theft of which accused is indicted, and this must be done by most direct and positive testimony of which the case is susceptible." Haun v. State, 44 Ala. App. 675, 219 So.2d 906.
Appellant's assertion of law is correct to an extent; butHaun, supra, does not require the actual production of the item which is alleged to have been stolen. It is well established that the loss of property through felonious taking may be proved by facts and circumstances as well as by direct and positive evidence and the evidence is sufficient to sustain an accused's conviction for larceny if it affords the inference that larceny has been committed. Gross v. State, 56 Ala. App. 387, 321 So.2d 727, cert. denied, 295 Ala. 403, 321 So.2d 729, [Numerous other cases on this point may be found in Alabama Digest, Larceny, 68 (1)].
Here the evidence was more than sufficient to sustain appellant's conviction for petit larceny.
Appellant also argues that there was no sufficient proof of value, since Ricky Hagedorn did not work in the ladies' department and based his opinion on the price charged by the store. Here there was no error for two reasons.
First, Hagedorn testified that he was familiar with the value of the merchandise in the store and that the slip was valued at $10.00. This testimony met the requirements for proof of value. Gamble, McElroy's Evidence, 3rd Ed., Section 128.11.
Secondly, the value of the property, which is alleged to have been stolen, is not an element of the corpus delicti of larceny "in the strictest sense." Rather, the value of the property is the factor to be decided for the determination of whether the larceny was grand or petit. Vandegrift v. State, 151 Ala. 105,43 So. 852; Cain v. State, 56 Ala. App. 505, 323 So.2d 390, cert. denied, 295 Ala. 395, 323 So.2d 391. Furthermore, the fact that Hagedorn said that his opinion as to value was based on the price listed on the store's tag made a jury question as to the weight of his evidence. Cain, supra.
Appellant also argues that a fatal variance existed between the description of the item stolen as alleged in the indictment and the proof of the item as described at trial. As it was pointed out in the facts, above, the indictment alleged the item stolen as a slip. At trial one witness, Valerie Mims, described the item taken as a nightgown. However, all other State witnesses described the item as a slip, including Hagedorn, the manager of the store.
Generally, it is well established that, in a prosecution for larceny, the proof must correspond with the description of the identical thing alleged in the indictment to have been taken.Hammac v. State, 44 Ala. App. 459, 212 So.2d 849. No variance exists here. The fact that the State's witnesses described the item taken somewhat differently presented a question for the jury. See Higginbotham v. State, Ala.Cr.App., 346 So.2d 525, where a witness described a motor as being 7 1/2 horsepower, when the indictment alleged a 7 horsepower motor.
Related to this issue is appellant's contention that another fatal variance existed, in that the indictment alleged ownership in Ricky Hagedorn while the proof established that he was only the manager. This does not constitute a fatal variance. The evidence established that Hagedorn, as manager of the store, was in lawful possession of the item at the time it was taken. This proof satisfied the required allegation of ownership in the indictment. Gandy v. State, 35 Ala. App. 299,46 So.2d 247.
Appellant also argues that the indictment is defective in that it charges "petit" larceny but alleges that the property was "feloniously" taken. Apparently appellant's argument is that the indictment should have alleged that the property was "petitly" taken. Such an argument is specious at best. *Page 424 
We find in Black's Law Dictionary, 4th Ed., the following definition of "felonious." It is a technical word of law which means that an act was done with the intent to commit a crime. Specifically, in the law of larceny, "felonious is synonymous with fraudulent; . . . and means done `animo furandi,' that is with intent to steal." Alabama case law reflects the same reasoning. Farzley v. State, 231 Ala. 60, 163 So. 394, at 396.
A careful search of the record reflects no error injuriously affecting the substantial rights of appellant. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.