STATE of Missouri, Respondent,

v.

William F. JACKSON, Appellant.

No. 10876.

Missouri Court of Appeals,
Southern District,
En Banc.

Feb. 6, 1980.

John D. Ashcroft, Atty. Gen., Marjorie Wholey Haines, Asst. Atty. Gen., Jefferson City, for respondent.

Richard L. Parker, Asst. Public Defender, Vienna, for appellant.

PER CURIAM:

Defendant, as a second offender, was charged and jury-convicted of receiving property which had been previously stolen from one Charles Gilbert. § 560.270 RSMo 1969. He was court-sentenced to imprisonment for a term of seven years. This appeal ensued.

The state undertook to establish defendant's guilt of receiving stolen property via his statement to a deputy sheriff, following arrest, to the effect that he (defendant) did not initially steal from the owner but "that he knew [the property was stolen] because he told me he stole it from the people who stole it from Mr. Gilbert." Defendant, according to the deputy, said that "Lorraine Padia, Butch Smith and his ex-wife, Cindy Jackson," originally stole the property. Defendant testified that most of the property in question, as well as other property, had been brought to a house he was then sharing with Lorraine Padia. He said that Butch Smith and his (defendant's) ex-wife removed some of the property before defendant and Lorraine separated. Defendant asserted that when he and Lorraine parted company, he took from the premises the property he was accused of receiving because it belonged "mostly" to Butch Smith who "had about $300.00 worth of records that belonged to me." Upon the state's rebuttal, Butch Smith denied stealing or ever having in his possession the property defendant was accused of receiving.

Our statute, § 560.270, provides: "Every person who shall buy, or in any way receive, with intent to defraud, any property that shall have been stolen from another, knowing the same to have been stolen, shall, upon conviction, be punished . . . ."

The essential elements of the offense made criminal by § 560.270 are (a) the property must be received "in any way" from another person, (b) at the time of the reception the property must have been previously stolen, (c) at the time of reception, the receiver must have guilty knowledge that it is stolen property and (d) the receiver must have received the property with a fraudulent or criminal intent. *State v. Davis*, 590 S.W.2d 418, 419[1] (Mo.App.1979); *State v. Armstrong*, 555 S.W.2d 640, 642[1] (Mo.App.1977). However, if the accused "is a principal actor in the theft—the actual captor of the property, it is illogical and contradictory to say he has received it from another" [*State v. Honig*, 78 Mo. 249, 252–253[2] (1883); *State v. Inman*, 578 S.W.2d 336, 337–338 (Mo.App.1979)] for a principal in the larceny cannot, in a legal sense, be

said to be the receiver of stolen property [*State v. Webb*, 544 S.W.2d 53, 55 (Mo.App. 1976)], neither may he be lawfully convicted of receiving such property knowing it to have been stolen. *State v. Coppersmith*, 231 Mo.App. 711, 716, 105 S.W.2d 991, 994[1] (1937).

Under the first point relied on, defendant says that, whether he alone, or together with others, was the captor of the property from the owner or whether he stole the property "from the people who stole it from Mr. Gilbert," he cannot be guilty of receiving stolen property in either event. The first part of this claim is patently correct under the authorities just cited. As to the second segment of defendant's point, it must be remembered that the unexplained possession of recently stolen property does not raise an inference that the possessor is guilty of receiving stolen property from another [*State v. Johnson*, 580 S.W.2d 254, 259 (Mo. banc 1979)] and that the only state evidence as to how defendant came into possession of the property was that he stole it from the people who had first stolen it. There is respectable authority to the effect that to be guilty of receiving stolen property the goods must be received from the first thief with his consent, but if the goods are stolen by a second thief from the first thief, the second thief is guilty of larceny but not guilty of receiving stolen property. II F. Wharton, A Treatise on Criminal Law 1456, § 1241 (Eleventh Ed.1912); II R. Anderson, Wharton's Criminal Law and Procedure 288, § 569 (1957); Clark & Marshall, A Treatise on the Law of Crimes 973, § 12.37 (Seventh Ed.1967); R. Perkins, Perkins on Criminal Law 325, Sec. 6 B. (2d Ed.1969). There is likewise authority that the prosecution may elect to charge the second thief either with larceny or receiving stolen goods. 76 C.J.S. Receiving Stolen Goods § 14 b., at p. 19, and cases there cited. Also see, *United States v. Kelly*, 519 F.2d 251, 253 (8th Cir. 1975), holding that a felon who acquires a weapon by theft can be a person "who receives, possesses or transports in commerce" under 18 U.S.C. App. § 1202(a).

Section 560.270 was obviously intended to punish any "person who shall buy, or in any way receive . . . any property that shall have been [previously] stolen from another." It is apparent that for there to be a "person who shall buy" previously stolen property, there must be a two-party transaction between a seller and a buyer. Likewise, in general context of the statute, any "person who shall . . . in any way receive" from another person, denotes a two-party transfer of possession from a donor, giver, passer, etc., to a receiver, recipient, acceptor, etc. This problem appears to have been obviated by the enactment of § 570.080 RSMo 1978 (L.1977 S.B. 60, eff. 1–1–79) which provides: "1. A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen. . . ." The words "retains" and "disposes" can denote single-party transactions which the words in § 560.270 (now repealed) do not.

In our view the facts peculiar to this case make the evidence insufficient to sustain the jury's conviction of defendant under § 560.270 (receiving stolen property). Cognizant of the holding in *State v. Basham*, 568 S.W.2d 518, 521[3] (Mo. banc 1978), the judgment nisi is reversed and the defendant is ordered discharged.

All concur.