On Rehearing
TYSON, Judge.
The State of Alabama has petitioned this court by application for rehearing to extend its opinion of August 24, 1982, and to consider that the record on appeal in the instant cause also includes a conviction for third degree burglary and requests this court to also address this appeal.
Together with the conviction for felony possession of a pistol and two-year sentence therefor, this record does, in fact, also contain a conviction showing an indictment and minute entry establishing the third degree burglary of Southern Sash of Decatur, Inc., for which the appellant was adjudged guilty and sentenced to ten years, following the entering of a plea of guilty..
The trial court allowed the appellant to withdraw his plea of not guilty after conferring with his attorney. The cause was then set on the issue of probation, which was denied, and this appeal followed.
I
This record, like the transcript of the guilty plea proceeding, which involved the conviction of a felony possession of a pistol and two-year sentence, does not contain a colloquy of the guilty plea proceedings, nor does the record in this appeal contain a colloquy of the probation hearing which involved the conviction of third degree burglary and ten-year sentence.
Since there apparently is some dispute over whether or not such guilty plea was based upon an understanding with the district attorney’s office to recommend probation, we must reverse and remand both of these causes for a new trial, since there is an insufficient record for this court to properly determine the basis of either of the alleged errors.
We therefore have no alternative but to reverse and remand both of these causes for a new trial. (Authorities cited on original deliverance).
II
The attorney general in brief requests this court to consider an affidavit attached to the brief from the official court reporter concerning the status of the transcript and colloquy of these guilty plea proceedings.
Such affidavit sets forth matters which the attorney general contends occurred at trial, or at the probation hearing, but which are not shown by a motion for new trial, or by appropriate motion to correct the record as filed in the trial court, thus we cannot consider same on appeal.
We believe the rule controlling such affidavit, and matters asserted in brief on rehearing, to be controlled by Edwards v. State, 287 Ala. 588, 253 So.2d 513 (1971) as follows:
“The rule is that argument in brief reciting matters not disclosed by the record cannot be considered on appeal, Christian v. Reed, 265 Ala. 533, 92 So.2d 881; and the record cannot be impeached on appeal by statements in brief, by affidavits, or by other evidence not appearing in the record. Coleman v. Estes, 281 Ala. 234, 201 So.2d 391; Liberty National Life Ins. Co. v. Patterson, 278 Ala. 43, 175 So.2d 737; Evans v. Avery, 272 Ala. 230, 130 So.2d 373.”
*884 See also Dunaway v. State, 50 Ala.App. 198, 278 So.2d 198, cert. denied, 291 Ala. 777, 278 So.2d 200 (1973).
Both of these cases must therefore be reversed and remanded for a new trial.
OPINION EXTENDED, APPLICATION OVERRULED; CASES REVERSED AND REMANDED.
HARRIS, P.J., and BARRON, J., concur.
BOWEN, J., dissents with opinion. De-CARLO, J., concurs in dissent.