**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Danny RICKS, Defendant-Appellant.**

No. 12694.

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 12, 1982.

---

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Blair Buckley, Jr., Public Defender, Caruthersville, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of second degree murder and sentenced to forty-five years' imprisonment. His two points contend that (1) "the State had not established a corpus delicti in its failure to prove the cause of death of the alleged victim", and (2) "[t]he trial court erred in overruling Defendant's motion for mistrial and not granting Defendant's motion that the jury be instructed to disregard the testimony of the coroner that wounds went through vital organs because the coroner was not a medical expert, did not base his opinion on his own examination of the body, and based his opinion on inadmissible hearsay."

The victim, Johnny Ricks, defendant's brother, had shot defendant's wife in the leg. Defendant was not present when it occurred. Shortly thereafter Johnny Ricks was in or near his car when defendant approached him. A witness for the state said that Johnny told defendant that the shooting was accidental, then rose from inside the car with his hands raised. Defendant then stepped back and shot him five times. Defendant testified that Johnny was lying on the front seat of his car while they discussed the shooting and was reaching for a pistol in the glove compartment when defendant shot him. After the shooting Johnny Ricks bled from wounds in his chest. When the police officers arrived his pulse "was very weak". Shortly thereafter the pulse ended.

The coroner testified that he found five gunshot wounds in the victim's body, two in the lower left abdominal area, two in the left chest area, and one in the left arm. He said that the lungs and the heart are "vital

organs" that lie below those wounds, and that Johnny's death was caused by "Gunshot wound."

Defendant presented evidence that Johnny had taken Valium and had been drinking beer and whiskey shortly before the shooting; that his eyes were dilated and that he appeared intoxicated. Defendant contends that his death could have been caused by the alcohol and Valium or that "[a]ny number of possible physiological complications could have caused the alleged victim's death, such as a heart attack or stroke brought on by his feelings of stress from his own guilty actions compounded by his confrontation with the Defendant."

■■■ Expert testimony from a medical physician is not required to prove the cause of death; circumstantial evidence may be sufficient. *State v. Brandt,* 467 S.W.2d 948, 951 (Mo.1971). The cause of death is sufficiently established when the facts in evidence are such that every person of average intelligence would know that the wound was mortal in character. Id. *State v. Covington,* 559 S.W.2d 78, 80 (Mo.App.1977). Even though Johnny may have consumed large amounts of alcohol and drugs, he was able to converse with defendant and either stand up or move about in such a manner that defendant was, according to his testimony, concerned that Johnny might shoot him. While standing or moving, Johnny was shot in areas of his body which could cause his death. He bled, his pulse became weak, and then he died. The coroner testified, without objection, that death was caused by a gunshot wound. The evidence was sufficient for the jury to find that Johnny met his death through gunshot wounds inflicted by the defendant. Point one is denied.

We now consider point two. The parts of the coroner's testimony complained of occurred in defendant's counsel's cross-examination. The only time that the coroner testified that a wound extended through a vital organ was when asked by defendant's attorney if he knew it went through the heart. The coroner replied that he knew it did because of the autopsy report. The coroner was not present when the autopsy was performed. Defendant's counsel then objected and the objection was sustained. No other relief was asked for at that time. After asking several more questions defense counsel requested the trial court to inform the jury that the testimony regarding "going through the vital organs, should be disregarded". That request was denied. Defense counsel then requested a mistrial which was also denied.

■■■ Defendant received the relief he requested just after the coroner's answer. By not requesting at that time a mistrial or that the jury be instructed to disregard that testimony, he waived that relief. A litigant must make his request for the action or ruling which he believes to be called for when the occasion for it first appears or the claimed error is waived. *Brown v. Thomas,* 316 S.W.2d 234, 237 (Mo.App.1958). See also *State v. Stamps,* 569 S.W.2d 762, 765 (Mo.App.1978); *State v. Haynes,* 528 S.W.2d 11, 12 (Mo.App.1975); *State v. Simmons,* 500 S.W.2d 325, 328 (Mo.App.1973); 4 C.J.S. Appeal and Error, § 246, p. 764.

■■■ Nor could the answer complained of result in plain error. Under the evidence it could not be seriously disputed that defendant caused Johnny Ricks' death. Defendant contended that the shooting was justified because of self-defense. The jury was so instructed but rejected that contention. The testimony complained of in this point did not relate to a seriously contested fact and thus could not have created manifest injustice or a miscarriage of justice. Rule 30.20. Point two is denied.

The judgment is affirmed.

GREENE, C.J., and FLANIGAN and MAUS, JJ., concur.