**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Willard Kenneth O'DELL,
Defendant-Appellant.**

No. 12756.

Missouri Court of Appeals,
Southern District, Division Three.

March 25, 1983.

Motion for Rehearing Overruled and to Transfer to
Supreme Court Denied April 18, 1983.

Application to Transfer Denied
May 31, 1983.

John D. Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Cynthia S. Holmes, St. Louis, for defendant-appellant.

PREWITT, Judge.

A jury found defendant guilty of receiving stolen property, § 570.080, RSMo 1978, and assessed his punishment at thirty days in the county jail. The trial court entered judgment and sentence in accordance with the jury verdict and defendant appeals.

■ Defendant's first point contends that the state failed to make a submissible case "in that there was no evidence introduced that Appellant received the property allegedly stolen from another." This point has no merit. Under § 570.080, it is not necessary for the state to show that the accused received the property from someone else; it makes no difference whether the jury infers that the defendant took directly from the owner or acquired the goods from another person who committed the act of taking. *State v. Sours*, 633 S.W.2d 255, 257–258 (Mo.App.1982); *State v. Jackson*, 594 S.W.2d 377, 378 (Mo.App. 1980). See also *State v. Davis*, 607 S.W.2d 149, 153 (Mo. banc 1980). Point one is denied.

Defendant's second point contends that the trial court erred in overruling his motion to dismiss because he was not brought to trial within the time provided in § 545.-780, RSMo 1978. That section requires, with certain delays excluded, that trial commence within 180 days of the arraignment on the information. After a preliminary hearing an information following MACH–CR 24.10 was timely filed on September 4, 1981. See Rules 22.07, 23.03. Arraignment on the information was waived but could not have been held before the information was filed.

■ Trial was set for February 2, 1982, but continued due to defense counsel's inability to travel to the trial site because of a snow storm. February 2, 1982, was well within the 180 days. The delay from that date until the trial on March 16, 1982, was not chargeable to the state. Unless a defendant shows that the delay beyond 180 days was occasioned by the state, he is not entitled to have the charge dismissed under § 545.780. *State v. Church*, 636 S.W.2d 703, 705 (Mo.App.1982). See also *State v. McClure*, 632 S.W.2d 314, 315 (Mo.App. 1982). No such showing is present here. Point two is denied.

The property defendant was charged with receiving was a boat trailer. Defendant's third point contends that the trial court erred in allowing the testimony of a Federal Bureau of Investigation agent and a Missouri Highway Patrolman concerning the results of a test they performed on the trailer to make visible a serial number stamped on the trailer by the manufacturer. The number had been ground off. Defendant contends that these witnesses were not properly qualified as experts to give an opinion concerning the results and to testify to the number which they saw on the metal.

Defendant also contends that their testimony was hearsay and in violation of the best evidence rule. Defendant contends that the best evidence of the numbers on the trailer "would be the object itself with the numbers stamped on it, or such secondary evidence such as photographs as the Court would accept."

■ Their testimony as to the numbers was not hearsay as they only testified as to what they saw. The FBI agent primarily administered and directed the test. The highway patrolman only assisted him as directed and testified as to what he saw. Thus, only the agent's qualifications are an issue.

■ The agent testified that he spent four and one-half days in instruction and training in the process of determining num-

bers which had been ground or stamped out of metal. He received this from instructors employed in the Federal Bureau of Investigation Laboratory in Washington. Whether a particular witness qualifies as an expert is a question ordinarily to be determined by the trial court in its sound discretion. *State v. Means,* 628 S.W.2d 426, 429 (Mo.App.1982). We find no abuse of that discretion. Appellant's objections go to the weight to be given to his testimony rather than its admissibility and the jury could consider his qualifications in deciding how much weight to give his testimony. *State v. Myers,* 588 S.W.2d 747, 749 (Mo.App. 1979).

■ The best evidence rule applies exclusively to documentary evidence. *State v. Curry,* 473 S.W.2d 747, 748 (Mo.1971); 32A C.J.S. Evidence, § 782, p. 101. Even with the broad definition given documentary evidence, see *Shaw v. American Ins. Union,* 33 S.W.2d 1052, 1055 (Mo.App.1931); 29 Am. Jur.2d, Evidence, § 834, p. 926, labels and markings similar to that here have been held not to be documents and the best evidence rule not applied to them. See *People v. Mastin,* 115 Cal.App.3d 978, 171 Cal.Rptr. 780, 782–784 (1981); *Bell v. State,* 364 So.2d 420, 422 (Ala.Cr.App.1978); *Kenney v. Odom,* 534 S.W.2d 409, 412 (Tex.Civ.App. 1976); *Mitchell v. Louisville & N.R. Co.,* 310 Ill.App. 563, 35 N.E.2d 81, 85 (1941), rev'd on other grounds, 379 Ill. 522, 42 N.E.2d 86 (1942); *Benjamin v. State,* 12 Ala.App. 148, 67 So. 792, 793 (1915); 29 Am.Jur.2d, Evidence, § 477, p. 535; 32A C.J.S. Evidence § 792(9), p. 127.

■ Where an object is an inscribed chattel, the trial court has considerable discretion in determining whether the original should be produced. *State v. Fontana,* 589 S.W.2d 639, 642 (Mo.App.1979). Even if a writing would be subject to the best evidence rule, the trial court may receive secondary evidence of its contents if the original is unavailable and an officer's personal recollection based on observation may constitute such evidence. Id.

■ The original trailer was produced for the jury's observation but the number was not visible except through testing. Even if we assume that the numbers on the trailer would originally have been subject to the best evidence rule, under these circumstances we cannot say that the trial court abused its discretion in allowing the testimony here. Point three is denied.

Defendant's fourth point contends that the trial court "erred in overruling defense objections to the testimony of Sheriff Nick Pepmiller concerning certain fiber glass residue and license plates seized in his execution of a search warrant". Defendant's brief states that the trial court "allowed" this evidence, citing page 63 of the transcript. That page shows that the sheriff was asked "What did you seize?" and he answered, "One boat trailer." Defendant's counsel then objected "to anything that is not the subject matter of this case being testified to." That objection was overruled. The boat trailer referred to apparently was the one in question here. The sheriff was then asked, "Did you seize some fiber glass?", and answered, "Yes", before defendant's counsel objected to the question as leading. That objection was sustained. No objection was made when the sheriff was thereafter asked, "What else did you seize?", and he replied, "Two license plates, three tires, one boat trailer." We find no other reference to fiber glass or license plates in the sheriff's testimony, except during cross-examination, when defendant's counsel asked if the license plates were defendant's.

■ Defendant received the ruling he requested regarding the fiber glass and made no objection thereafter to the question about other objects seized. The contention defendant now makes has not been preserved for review. A litigant must make his request for the action or ruling which he believes to be called for when the occasion for it first appears or the claimed error is waived. *State v. Ricks,* 642 S.W.2d 375, 377 (Mo.App.1982). Plain error review under Rule 30.20 is not appropriate as we see no prejudice from this evidence and

cannot say from the record that manifest injustice or miscarriage of justice resulted. Point four is denied.

The judgment is affirmed.

GREENE, C.J., CROW, P.J., and FLANI-GAN and MAUS, JJ., concur.