Appellant was indicted by the July 1982 term of the Blount County Grand Jury for receiving stolen property in the second degree, in violation of § 13A-8-18, Code of Alabama 1975. Appellant was arraigned on September 9, 1982, where he waived a reading of the indictment and entered a plea of not guilty. Appellant was tried before a jury and found guilty on October 19, 1982. The court sentenced appellant to imprisonment in the state penitentiary for a period of ten years under the Habitual Offender law.
Travis Fulenwider testified that he was the owner of a sand and gravel business in Blount County which had been burglarized on February 12 and 13, 1982. While visiting his friend, Donnie Hicks, at Hicks Trucking Company on February 16, 1982, Mr. Fulenwider observed several tires and tools that had been stolen from his business. He identified this property as being his because of serial numbers found on the tires and file cut marks he had made on the hand tools. After making this discovery, Mr. Fulenwider notified the Blount County Sheriff's Department the next morning.
On the morning of February 17, 1982, Mr. Fulenwider accompanied two deputy sheriffs to Hicks Trucking where the stolen equipment was recovered. The equipment was taken to the Blount County Courthouse *Page 26 
where it was photographed and released to Mr. Fulenwider.
Later that day Mr. Fulenwider testified that he again accompanied two deputy sheriffs to appellant's home in Blount County. After a search warrant was obtained, other stolen items were recovered from appellant's yard or from a shed in appellant's yard. These items included torches, gauges, one set of hoses, fifteen cutting bits, one twelve-ton jack, one creeper, one fifty-five gallon drum, and an aluminum tool box.
Donnie Hicks testified that he knew appellant, and on February 12, 1982, he stated that he bought some tires and tools from appellant. After inquiring where appellant received such goods, Mr. Hicks said that appellant told him that he had gotten the items from a business in Cullman that was ceasing operations. Mr. Hicks paid appellant $250 for the goods.
Mr. Hicks identified the property he had bought from appellant from a photograph introduced as State's Exhibit One. Defense counsel objected to the photograph and moved for a production of the actual items as the best evidence. Objection was overruled.
Larry Fowler, a deputy sheriff and investigator for the Blount County Sheriff's Department, testified that he, deputy sheriff Tom Dickie, and Travis Fulenwider went to appellant's home on February 17, 1982. Officer Fowler stated that he asked appellant if he had sold any tires or tools to Donnie Hicks. Appellant denied selling such items to Mr. Hicks, after which he was arrested.
The State then rested its case whereupon defense counsel renewed its motion to produce the actual items depicted in State's Exhibit One. Said motion was overruled.
The defense called Bernice Whittington, appellant's wife, who testified that the property in question had been given to appellant as payment for the use of his truck.
Wade Richey, appellant's brother-in-law, testified that he had introduced appellant to a man named Tom Tidwell. Mr. Richey testified that he had seen Mr. Tidwell driving appellant's truck and that some of the stolen items were in the back of the truck at that time.
Appellant contends that the trial court erred in its admission over appellant's objection of the photograph depicting the property sold to Mr. Hicks by appellant since it was not the best evidence. Appellant argues that, if the stolen property had been introduced at trial, the jury could have examined the markings on the items to see if they matched the description given by Mr. Fulenwider. Appellant further argues that said contraband should have been produced to show that the markings had not been altered, in an effort to support his contention that he lacked the requisite knowledge that the items had been stolen. There is no merit to either of appellant's arguments.
A photograph is properly admissible in evidence if it is properly verified by a person who is familiar with the subjects of the photograph, and it tends to prove, or disprove, some other evidence offered in the case. Hurst v. State,402 So.2d 1124 (Ala.Cr.App. 1981). Mr. Fulenwider testified as to what items were taken from his business when it was burglarized and identified those items found at Hicks Trucking Company and appellant's home as belonging to him. Mr. Hicks testified that State's Exhibit One fairly and accurately depicted the tools and tires at the time they were purchased from appellant. A proper picture of the articles purchased by Mr. Hicks from appellant would shed light on the testimony given by Mr. Fulenwider and Mr. Hicks and would assist the jury in arriving at the truth of the matter.
As to appellant's argument that the property should have been produced to show that Mr. Fulenwider's markings had not been altered or tampered with, the Alabama Court of Appeals held inWatercutter v. State, 21 Ala. App. 248, 108 So. 870 (1926), that the best evidence rule applies exclusively to documentary evidence and does not apply to proof of the nature, appearance, and condition of mere physical objects, which may be proven by parol evidence *Page 27 
without offering the objects or accounting for their absence. Mr. Fulenwider clearly testified that the recovered items belonged to him and the markings from which he identified his items had not been altered. See also Bell v. State, Ala.Cr.App., 364 So.2d 420, writ denied, Ala., 364 So.2d 424
(1978).
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.