**STATE of Missouri, Plaintiff–Respondent,**

**v.**

**William J. STOKES, Defendant–Appellant.**

**No. 15123.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 2, 1987.

William J. Stokes, pro se.

No appearance for plaintiff-respondent.

PREWITT, Presiding Judge.

Following nonjury trial defendant was convicted of operating a motor vehicle upon a highway of this state at a speed in excess of 55 miles per hour. See § 304.009, RSMo 1986. He was fined ten dollars. Defendant appeals.

In his brief on appeal defendant presents six "issues". However, in the argument portion of his brief he only discusses and cites authority for his contentions that the arresting officer did not have proper training to operate a radar speed measuring device, and did not properly "set up" the device nor properly test it.

The arresting officer testified that he was a Missouri State Highway Patrol Trooper. He said that he saw defendant operating a motor vehicle on Highway 63 in Phelps County and "[a]t first observation, it appeared that he was in excess of the 55-mile-an-hour speed limit." The trooper also testified that he used a "MPH–S80 radar, moving radar unit" to determine the speed of the vehicle the defendant was operating. He answered affirmatively when asked if he was "trained in the operation" of the radar unit. The trooper testified that the radar device gave a "reading" on the speed of defendant's vehicle at 65 miles per hour. He said that before and after this reading he administered tests to see if the radar unit was operating properly and those tests revealed that it was.

At the time given no objection was made to any of this testimony. Therefore, the contentions now made regarding it have been waived and not preserved for review. A litigant must make his request for the action or ruling which he believes to be called for when the occasion for it first appears or the claimed error is waived. *State v. O'Dell,* 649 S.W.2d 504, 507 (Mo. App.1983); *State v. Ricks,* 642 S.W.2d 375, 377 (Mo.App.1982).

As the remaining contentions stated in defendant's brief were not developed in the argument portion of the brief and no citations in support of those issues were cited either following the statement of them, or in the argument portion of defendant's brief, those contentions have been abandoned. Allegations of error which are not supported by citation of authority or an explanation as to why precedent is unavailable are deemed abandoned. *State v. Bailey,* 672 S.W.2d 682, 683 (Mo.App.1983); *State v. Fingers,* 564 S.W.2d 579, 584 (Mo. App.1978); Rule 30.06(d), (e). No explanation for the failure to cite authority is given and the contentions claimed would appear to be such that authority would be available. Plain error review under Rule 30.20 is not appropriate as the record establishes that defendant received a fair trial and no manifest injustice or miscarriage of justice resulted.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.