STATE of Missouri,
Plaintiff–Respondent,

v.

Marsha Elizabeth FULLER,
Defendant–Appellant.

No. 15406.

Missouri Court of Appeals,
Southern District,
Division Two.

July 6, 1988.

No Appearance, for plaintiff-respondent.

Ronald J. Fuller, Rolla, for defendant-appellant.

PREWITT, Presiding Judge.

Following nonjury trial defendant was convicted of speeding in violation of § 304.010, RSMo Supp.1987. Defendant appeals.

Defendant states in her first point that the trial court erred in finding her guilty "for the reason that there is no substantial evidence in the case to prove that defendant was, in fact, driving the vehicle, the speed of which was determined by the use of a moving radar unit at the time and place in question."

In reviewing to determine if a submissible case was made, we accept as true the evidence favorable to the state, including all reasonable inferences drawn from that evidence, and disregard evidence and inferences to the contrary. *State v. Silvers*, 735 S.W.2d 393, 395 (Mo.App.1987). Defendant starts her argument under this point as follows:

> The defense raises no question but that Trooper Ronald Files, while driving his patrol car on a busy four-lane interstate highway on a Sunday evening and while operating his moving radar unit, made a determination by such radar unit that a certain car which he believed to be an Oldsmobile and being driven by a "white female", was traveling at 80 M.P. H. There are many Oldsmobile cars on our interstate highways, and, of course, there are even more "white females".

The issue in this case is: Was there substantial evidence that the defendant was indeed the "white female" speeding at 80 M.P.H. at the time and place described by the arresting officer.

■ Defendant testified that the distance from where the radar reading was made and where she was stopped was 4.3 miles and the time that occurred after she passed where the speeding violation was alleged to have occurred until she was stopped was five to six minutes. She emphasizes that the trooper who issued her a traffic summons did not have the offending driver's vehicle in view at all times from the time he obtained the radar reading.

The incident occurred on Interstate 44, a four lane divided highway. Trooper Files testified that on August 23, 1987, as he was traveling west on Interstate 44, he saw an Oldsmobile automobile driven by a white female heading east at a speed he estimated as between 75 and 80 miles per hour. He obtained a radar speed reading of 80 miles per hour on the automobile and then drove across the median to pursue it. He said he did not know how far it was or how much time elapsed from the time that he got the radar reading until he stopped defendant. The trooper testified that he knew it was defendant's car that he had gotten a radar reading upon because of "[t]he color of the vehicle and observing the driver, a white female with long brown hair." The trooper said that there was a time when he lost sight of the vehicle. When asked, "Were there any other cars in the vicinity with which you could have confused the car she was driving?", the trooper replied, "There was other cars in the area but not traveling at that speed."

If the trial judge believed the trooper, and we have to assume that he did, defendant's was the only vehicle going that fast. She was a white female driving a silver or gray Oldsmobile. On the evidence the trial court could have found that defendant was operating the speeding vehicle. The evidence was sufficient to find defendant guilty. This point is denied.

■ Defendant recites in her second point that the court erred in finding defendant guilty, "for the reason that there was not substantial evidence, as required by law, that the moving radar unit had been properly tested and was, in fact, properly operating at the time and place of its use."

When the trooper testified regarding the tests he made on the radar unit and the 80 miles per hour reading that he obtained on "the car that Ms. Fuller was driving", no objection was made. In order to preserve for review a contention that evidence of a radar speed measuring device should not have been received, a litigant must make an objection when the evidence is offered. *State v. Stokes*, 739 S.W.2d 560, 561 (Mo. App.1987). As that was not done, these contentions have been waived and not preserved for appellate review. This point is denied.

For her remaining point defendant contends that the information was insufficient as it "failed to describe one alleged statutory offense by setting out facts constituting said one statutory offense, and in so doing deprived defendant of the right to know the nature and cause of the accusation and to be advised as to the points which defendant could expect to be assessed, upon conviction, against defendant's driving record."

Defendant states in her brief that the "information is insufficient, in that it is duplicative and has led to a judgment which does not inform Defendant of the speed found or the punishment which she can expect as to the assessment of points against her driving record."

■ An information must allege all elements of the crime intended to be charged and such elements cannot be supplied by intendment or implication. *State v. Voyles*, 691 S.W.2d 452, 454 (Mo.App.1985). See also Rule 23.01. "The test of the sufficiency of an information or indictment is whether it contains all the essential elements of an offense as set out in the statute and clearly apprises the defendant of the facts constituting the offense." *State v. Toney*, 680 S.W.2d 268, 278 (Mo.App. 1984).

The same strictness in charging an offense is not required in misdemeanors as is required in felonies; where the statute defines the offense, an information charging the offense in the language of the statute is sufficient. *State v. Smith*, 310 S.W.2d 21, 23–24 (Mo.App.1958); *State v. Granger*, 199 S.W.2d 896, 899 (Mo.App. 1947).

The information was on a form which appeared to substantially follow the Uniform Complaint and Summons provided for in Rule 37.35(c) and set forth as Form 37.A. The information stated that defendant "Exceeded State Speed Limit Old Law 70 Night Driving 80 MPH when limited to 65 MPH…in violation of 304.010, RSMo."

The information set forth the essential facts, that defendant was driving a motor vehicle 80 miles an hour on a public road with a speed limit of 65 miles per hour. If there were other facts which might have been necessary for defendant's defense then a bill of particulars under Rule 23.04 could have been sought. That was not done. Where an information alleges all essential facts constituting the offense, but fails to set out those facts necessary for an accused's defense, then the information is subject to a challenge by a bill of particulars but is not fatally defective. *State v. Voyles*, supra, 691 S.W.2d at 454.

The information sufficiently stated an offense. There is no requirement in the law that the information advise her as to the "points", if any, that might be assessed under § 302.302, RSMo 1986, and § 304.009.2, RSMo Supp.1987, upon conviction. Defendant relies upon *State v. Zick*, 44 Wis.2d 546, 171 N.W.2d 430 (1969), for her contention that the information must advise her regarding those points. That case does state that: "[a]lthough the exact rate of speed found need not conform to the rate of speed stated in the ticket it is important in determining the punishment and points and must be proved beyond a reasonable doubt." 171 N.W.2d at 432. However, it does not aid defendant. It did not require that the information state any more than was stated here, nor did it find that the trier of fact must determine a specific rate of speed to support the conviction. It only required a finding that the rate of speed was in excess of that established by law. This point is denied.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.