TYSON, Judge.
I.Q. Kirby was indicted on three counts of second degree kidnapping in violation of § 13A-6-44, Code of Alabama 1975, and two counts of first degree robbery in violation of § 13A-8-41, Code of Alabama 1975. The appellant was convicted of one count of first degree robbery and three counts of second degree kidnapping, all as charged in the indictment. He was sentenced to life in prison as a habitual felony offender for the robbery conviction and three sentences of 15 years each for the kidnapping convictions.
The record indicates that on June 29, 1986, the three victims of these crimes were riding around the Moulton, Alabama, area looking for the home of an acquaintance named Speedy Garrison. The three men believed they were lost and pulled into the appellant’s driveway. When appellant was asked if this was the home of Speedy Garrison, he answered affirmatively and motioned the men toward his house. Upon reaching the house, the men were forced out of their car at gunpoint by the appellant. The appellant and another man took one of the men’s jewelry. The appellant also hit one of the men in the head with a pistol. All of the men were forced to stay and drink beer purchased with money taken from one of the victims. The appellant finally agreed to let the men go on the condition that they sign a paper stating that they had tried to rape his wife. They all signed at gunpoint. The appellant denied the allegations and testified at the trial that the three men had driven through a gate in front of his driveway and trespassed on his land.
I
The appellant contends that his motion for new trial should have been granted because certain venire members gave false answers during the voir dire and concealed their close relationship with one or more of the prosecuting witnesses.
The appellant apparently filed a Rule 10(f) motion pursuant to the Alabama Rules of Appellate Procedure with this court to have the voir dire portion of the trial added to the record. This motion was apparently forwarded to the Lawrence County Circuit Court and was denied. In his order, the trial judge stated,
“The court after consideration of the motion filed by appellant’s attorney has gone back and reviewed the transcript and the record of the trial and finds that the record on appeal as transcribed and filed by the official court reporter is cor *1077 rect and proper and there is nothing else to add to the record regarding the allegations raised by counsel.” (emphasis supplied).
It appears that no part of the voir dire portion of the trial exists and that, although the judge’s order denying the motion for new trial refers to an oral hearing, there is likewise no record of such hearing.
An appellate court is bound by the record and cannot consider arguments not supported by the record. Fuller v. State, 472 So.2d 452 (Ala.Crim.App.1985); Moore v. State, 457 So.2d 981 (Ala.Crim.App.1984), cert. denied 470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985); Hollins v. State, 415 So.2d 1249 (Ala.Crim.App.1982). Since there is nothing in the record to support the appellant’s contentions, there is nothing for the court to review.
II
The appellant next contends that the court erred by refusing to admit into evidence the actual gate into which the victims allegedly ran when they entered the appellant’s driveway. The appellant argues that the best evidence of the damage done to the gate would be the gate itself. The best evidence rule applies only to documentary evidence and has no application to physical objects. Whittington v. State, 432 So.2d 25 (Ala.Crim.App.1983); Bell v. State, 364 So.2d 420 (Ala.Crim.App.), cert. denied 364 So.2d 424 (Ala.1978); Dunaway v. State, 50 Ala.App. 198, 278 So.2d 198 (Ala.Crim.App.), cert. denied, 291 Ala. 777, 278 So.2d 200 (1973). A photograph of the gate was admitted into evidence at the trial and there is no challenge to the admission other than the argument that the actual gate should have been admitted. See Whittington v. State, 432 So.2d 25 (Ala.Crim.App.1983).
Admission of the gate itself would be similar to allowing the jurors to take a view. The granting or denying of a view, however, is within the discretion of the trial court. Dunaway. Aside from the inapplicability of the best evidence rule, the trial court did not abuse its discretion in refusing to admit the gate into evidence. Such was also described by witnesses.
Ill
The appellant also argues that the trial judge erred by failing to charge the jury on lesser included offenses and on the element of intent. At the close of the court’s oral charge, the appellant’s attorney stated, “Judge, we would except to the court’s refusal to give those written charges that we’ve submitted.”
When a party objects to the omission of a written charge, but fails to state the grounds for the objection, the issue is not preserved for appeal. Trawick v. State, 512 So.2d 818 (Ala.Crim.App.1987); Sherer v. State, 472 So.2d 443 (Ala.Crim.App.1985); See also Rule 14, Ala.R.Crim.P. Temp. Appellant failed to properly preserve this issue for review. Allen v. State, 414 So.2d 989 (Ala.Crim.App.1981), aff'd Ex Parte Allen, 414 So.2d 993 (Ala.1982).
For the reasons stated this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.